## CASTRO v. CASTELLANOS et al.
### (No. 778–4767.)

Commission of Appeals of Texas, Section B. May 11, 1927.

1. **Parent and child ⬅2(2)—Father, being surviving parent, had prima facie right to custody of minor child (Rev. St. 1925, art. 4118).**

Under Rev. St. 1925, art. 4118, mother being dead, father, being surviving parent, had prima facie right to custody of minor child.

2. **Habeas corpus ⬅85(1)—In habeas corpus proceeding by father, surviving parent, grandparents having child's custody had burden of showing that father's prima facie right to custody had been overturned by testimony.**

In habeas corpus proceeding by father, surviving parent, for custody of his child, grandparents having custody of child had burden of establishing by preponderance of evidence that father's prima facie right to child's custody has been overturned by testimony in case.

3. **Habeas corpus ⬅113(13)—Court of Civil Appeals cannot render judgment as to custody of infant, where trial court has not found whose custody would be most beneficial to infant.**

In habeas corpus proceeding by father, where trial court did not find fact in issue as to whose custody would be most beneficial to infant, Court of Civil Appeals had no authority to find facts in absence of failure on part of trial judge, testimony as to vital point in issue being conflicting, and could not enter judgment based upon finding of its own facts.

4. **Habeas corpus ⬅113(13)—Commission of Appeals cannot render judgment as to custody of infant; where trial court has not found whose custody would be most beneficial to infant.**

Commission of Appeals has no authority to render judgment regarding custody of infant where trial court in habeas corpus proceeding by father did not make finding as to whose custody would be most beneficial to infant, since trial judge, acting independent of aid of jury, has exclusive right to determine facts.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Habeas corpus by Henry Castro against Rosa Vasquez Castellanos and another. On respondents' appeal, the Court of Civil Appeals reversed and rendered the judgment (289 S. W. 104), and plaintiff brings error. Reversed and remanded to the district court.

J. R. Locke, of San Antonio, for plaintiff in error.

Bat Carrigan and Chambers & Johnson, all of San Antonio, for defendants in error.

SHORT, J. The opinion of the Court of Civil Appeals in this case is reported in 289 S. W. 104, and is a suit involving the custody of a five year old female child between the father, plaintiff in error here, and its maternal grandparents, who are the defendants in error, the mother of the child being dead. Upon a trial the district court awarded the custody of the child to the father for 10 days out of each month and to the grandparents for 20 days out of each month. Both parties excepted to this judgment and gave notice of appeal, requesting that the trial court file its conclusions of law and findings of fact, which, however, was not done. The case having reached the Court of Civil Appeals, that court reversed the judgment of the trial court and rendered a judgment in favor of the defendants in error giving to them the exclusive custody of the child. Motion for rehearing having been filed by the plaintiff in error in the Court of Civil Appeals and overruled, the Supreme Court granted a writ of error, and the case has been referred to this section of the Commission for disposition.

While there are several assignments of error and propositions germane thereto submitted, it is only necessary, in our opinion, to refer to the first assignment of error and the proposition thereunder. This proposition is as follows:

"Where the uncontroverted evidence shows that the surviving father is a fit, proper, and suitable person to have the custody of his child, that he is ready, able, and willing to take, support, rear, and educate said child, that he has never willingly parted with the possession or custody of said child and has always sought after and desired the custody of said child. it is the error for the court to deny him the full custody of said child."

The statement under this assignment and proposition made by the plaintiff in error we find to be substantially correct and entirely supported by the testimony. This statement is as follows:

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The undisputed evidence establishes the following facts: That plaintiff in error, Henry Castro, was married to Maria Castro, the daughter of defendants in error, in 1917; that plaintiff in error sought for and procured a divorce from Maria Castro on August 17, 1923; that the divorce was sought upon the grounds of improvidence and inconsiderateness on the part of Maria Castro and of interference on the part of her parents, defendants in error herein; that the divorce decree found plaintiff in error's allegations to be substantially true, awarding him a divorce, found that the property rights had been adjusted between the parties, and awarded the child, Consuela Irene Castro, then about two years of age, to the mother, Maria Castro, with the right in the father to see the child at all reasonable times; that Maria Castro continued to reside with her parents, defendants in error herein, and to retain the child until her death on January 3, 1926; that plaintiff in error remarried a little less than four months after his divorce and now owns a home of his own; that plaintiff in error's petition for a writ of habeas corpus was filed on January 6, 1926."

The testimony further shows that the plaintiff in error was earning regularly about $110 a month and that his moral character and business habits were good. However, there is some testimony tending to show neglect and a lack of love for the child. His present wife was also shown to be a woman of kindly disposition and good character, but she is shown to have had no acquaintance with the child. The testimony also showed that the defendants in error were likewise people of good character and kindly disposition and owned considerable property of value perhaps greater than that owned by the plaintiff in error. The child in question was shown to have been kindly treated by them and to have been maintained in sanitary environments and given the very best of attention. In other words, had the trial judge who tried the case without the intervention of a jury determined in favor of either one of the litigants that the best interests of the child demanded its custody be given to him or them, the Court of Civil Appeals would not have disturbed the judgment on the ground that there was not substantial testimony to support it.

Article 4118 of the Revised Statutes of 1925, in part, is as follows:

"If the parents live together, the father is the natural guardian of the person of the minor children by the marriage. If one parent is dead, the survivor is the natural guardian of the person of the minor children."

[1, 2] Under this provision of the law and the facts of this case, the mother being dead, the plaintiff in error, being the surviving parent, has the prima facie right to the custody of the minor. Having this prima facie right under the law, the burden of establishing by a preponderance of the evidence rested upon the defendants in error to show that this prima facie right has been overturned by the testimony in the case. This, of course, they could do by showing the unfitness of the plaintiff in error, or his incapacity, or any other conditions, the legal effect of which would be to demonstrate that the best interests of the child would be served by giving them its custody.

In Wood v. Deaton, 93 Tex. 243, 54 S. W. 901, the Supreme Court of this state, speaking through Justice Brown, quotes with approval the following language from the case of Weir v. Marley, 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672:

"What is for the best interest of the infant is the question upon which all the cases turn, at last, whatever may be said in the opinions about contracts, and the answer returned, is that the custody of the child is by law with the father, unless it appears by satisfactory evidence that the best interest of the child demands that he should be deprived of that custody, and upon him, who so avers, devolves the burden of proof. The presumptions are against it."

The Supreme Court of this state in the same case quotes with approval a quotation from the case of State v. Richardson, 40 N. H. 275, as follows:

"The discretion to be exercised is not an arbitrary one, but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided, until it is made plainly to appear that the father is no longer worthy of the trust. * * * The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons. Upon the father the child must mainly depend for support, education and advancement in life, and as security for this he has the obligation of law as well as the promptings of that parental affection which rarely fail to bring into the service of the child the best energies and the most thoughtful care of the father. In any form of proceeding the sundering of these ties will always be approached by the courts with great caution, and with a deep sense of responsibility."

In support of this rule the Supreme Court of this state in Wood v. Deaton cites the following: Richards v. Collins, 45 N. J. Eq. 286, 17 A. 831, 14 Am. St. Rep. 726; Miller v. Wallace, 76 Ga. 479, 2 Am. St. Rep. 48; State v. Banks, 25 Ind. 500; Rust v. Vanvacter, 9 W. Va. 612; State v. Libbey, 44 N. H. 324, 82 Am. Dec. 223; Moore v. Christian, 56 Miss. 408, 31 Am. Rep. 375; Chapsky v. Wood, 26 Kan. 653, 40 Am. Rep. 321; In re Scarritt, 76 Mo. 577, 43 Am. Rep. 768.

The Supreme Court of this state, in the case above mentioned, concludes its opinion as follows:

"The facts do not establish with that certainty which the courts must require that the interest of the child, Austin Dillard, or of society itself, demands that he shall be taken from his mother and continued in the possession of another."

In Legate v. Legate, 87 Tex. 248, 28 S. W. 281, Justice Denman, speaking for the Supreme Court, uses this language:

"Two homes are thus offered the child, who is in no wise responsible for this unfortunate controversy, and has not sufficient discretion to select. We hold, as a matter of law, that it is entitled to the benefit of that home and environments which will probably best promote the interest of the infant. The question as to whose custody will be most beneficial to the infant is one of fact, of which this court has no jurisdiction, but which is to be determined in the first instance by the district court, upon hearing all the evidence tending to shed any light upon these two homes, and the people inhabiting them, including their entire connection with, affection for, and present and future ability to care and provide for this little girl, in order that the court may be enabled to determine, upon the whole case, the difficult question of the fact above stated."

[3, 4] Evidently an inspection of the judgment rendered in this case by the district court shows it does not determine this fact in this case, which was the only fact in issue, which, in the language quoted, is, "whose custody will be most beneficial to the infant." The decree, being unsupported by any conclusions filed by the trial judge, must speak for itself, and doing so shows on its face that the trial judge did not determine this fact. It might also be properly said that the decree, if allowed to stand, would not in its operation be practicable and would not in all likelihood promote the best interests of the child, since to carry it into a practical operation would render impossible the operation of any system or plan for the physical, mental, and moral training of the minor. The trial judge, while not abusing his discretion in determining this question of fact, did not exercise it or use it in a practical manner. Since the law gives to the trial judge, acting independent of the aid of a jury, the exclusive right to determine the facts, and as we have seen the trial judge did not do this in this case, the Court of Civil Appeals had no authority to find the facts in the absence of this patent failure on the part of the trial judge, the testimony as to the vital point in issue being conflicting. Nevertheless, the Court of Civil Appeals attempted to do this, and after concluding that the judgment of the trial court should be set aside, it proceeded to find facts of its own in its own way and to render a judgment in the case based upon the findings of its own facts, all of which, in our opinion, was without any legal authority. Taber v. Dallas County, 101 Tex. 241, 106 S.

W. 332. We agree with the opinion of the Court of Civil Appeals that the judgment of the district court should be reversed, but we do not think that the Court of Civil Appeals or this court has any authority to render a judgment under the circumstances, and that the Court of Civil Appeals erred in rendering a judgment in the case.

We therefore recommend that the judgment of the Court of Civil Appeals in so far as it attempted to render final judgment in this case be reversed, and that portion of the judgment of the Court of Civil Appeals reversing the judgment of the district court be affirmed, and that the case be reversed and remanded for further proceedings in accordance with the principles above set forth in this opinion.

GREENWOOD and PIERSON, JJ., Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.