**MATTHEWS et ux. v. WHITTLE.**

**No. 4044.**

Court of Civil Appeals of Texas. El Paso.

Feb. 13, 1941.

Polk Hornaday, of Harlingen, for appellants.

Brown & Criss, of Harlingen (Paul Brown, of Harlingen, of counsel), for appellee.

SUTTON, Justice.

This is an appeal from the 103rd District Court of Cameron County.

The parties will here be designated as in the trial court.

The appellants here, T. M. Matthews and his wife, as plaintiffs below, brought this suit against the appellee, Alice Whittle, defendant below, for the custody of a minor male child, about six years of age, same being the natural child of the plaintiffs and an adopted child of the defendant. The trial was before the court without a jury on defendant's plea in abatement and in bar, and the judgment was for the defendant and against the plaintiffs. From that judgment the plaintiffs have perfected this appeal.

The plaintiffs allege that the child was born July 14, 1934; that on January 21, 1936, and March 14, 1938, the court awarded the care and custody of the child to J. C. Whittle (whom the facts show to have been the husband of the defendant and now deceased). They also allege that

within the past two years conditions have changed in the home of the plaintiffs and that of the defendant, setting out such claimed changes. They do not allege that the defendant is morally unfit, or that she has been guilty of ill treatment, neglect or abuse of the child. They allege they have been scornfully denied the right to visit the child, and pray for his custody, or, in the alternative, for the right of visitation.

The defendant answered with a pleading, designated a plea in abatement and in bar, that on January 21, 1936, the child involved in the suit was declared by a judgment of the District Court of Cameron County to be a dependent and neglected child and his care and custody committed to J. C. Whittle; that on March 14, 1938, in the same suit, under the same number, and in the same court, the plaintiffs sought to set aside the former order and judgment; and by the further order and judgment of the court the care and custody of the child was committed to the defendant; that in each of such proceedings the plaintiffs were present, and in the latter proceeding were represented by counsel, and the facts submitted to a jury, and on the jury's findings judgment was rendered committing the care and custody of the child to defendant; that on May 23, 1938, said court permitted this defendant to adopt said child; defendant prayed that this suit be abated.

The defendant followed her plea in abatement and in bar with an answer on the merits and cross-action, but as the case was tried and disposed of on the plea in abatement and in bar, it is unnecessary here to further refer to the answer.

The defendant assumed the burden in the trial on her plea and introduced all the testimony offered on that trial, which consisted for the most part of the records in the former proceedings; to-wit, the juvenile proceeding in which the care and custody of the child were awarded to the Whittles; the suit brought by the plaintiffs for the custody of the child and the result thereof by which he was again committed to the defendant here; and the adoption of the child by the defendant.

It was admitted, as a part of the record, that there was no notice or citation served on the parents of the child (plaintiffs here), and that they filed no waiver or consent to the adoption of the child.

The record discloses that the trial was had on the defendant's plea in abatement and in bar to avoid a lengthy and unnecessary trial and record on the main case pleaded by the plaintiffs. The disposition of this appeal depends, therefore, upon the construction of certain provisions of our adoption statutes, which will hereinafter be referred to, and whether or not, under the statutes, consent by the parents was necessary.

The plaintiffs seek to have the judgment reversed because of the claimed wrongful admission in evidence of the judgments in the former proceedings, and especially the adoption judgment, because of its claimed invalidity, in that it was rendered and the plaintiff permitted to adopt the child Charles without the consent of his parents or anyone else, and because it violates the provisions of Article 1, Secs. 15 and 19, of the Constitution of Texas, Vernon's Ann. St., and denied them their day in court.

■ Notice or citation to the natural parents of a child in a proceeding to adopt the child is not necessary nor provided for by the statutes, because if they still retain the parental rights in the child it is essential that they consent to the adoption, which is sufficient notice of the proceeding. Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420; Pearce v. Harris, Tex.Civ.App., 134 S.W.2d 859.

■ Article 46a, Sec. 6, Vernon's Ann. Civ.St., provides: "Except as otherwise amended in this Section, no adoption shall be permitted except with the written consent of the living parents of a child." The section makes two exceptions: (1) When such a parent has voluntarily abandoned and deserted a child for two years, and left the child to the care, custody, control and management of other persons, and shall not have contributed to the support of such child for two years, the consent shall not be necessary, and the adoption shall be permitted on the consent of the Judge of the Juvenile Court, and if there be no such court, on the consent of the County Judge of the county of the child's residence; and (2) such consent shall not be necessary when the parental rights have been terminated by order of the Juvenile Court or other court of competent jurisdiction; provided the consent be given by the superintendent of the home or school, or of the individual to whom the care, custody, or guardianship of such child has been transferred by such court.

The record in this case brings the parents of Charles within the first provision of Sec. 6 of Article 46a, and the District Court of

Cameron County so found, and their consent was not, therefore, necessary. The consent of the judge of the proper court was not had, and the defendant is not entitled to the protection of this provision. It becomes necessary to determine whether the second exception is applicable. We think it is.

The juvenile statutes found in Title 43, art. 2329 et seq., R.C.S.1925, provide for the disposition of a neglected and dependent child. Without quoting such statutes, they provide, in substance, that such a child may be turned over to any suitable person; that such person shall have the right to the custody of the child and shall be responsible for its education and maintenance, subject to the orders of the court (Art. 2335); that the child shall become a ward and subject to the guardianship of such person (Art. 2336). Art. 2337 provides that when a child is adjudged to be dependent or neglected, the parents shall thereafter have no right over or to the custody, services or earnings of said child, except upon such conditions in the interest of such child as the court may impose. The court in this instance imposed no conditions, but vested all such rights, care, custody and control in the defendant. We think under the record and the several provisions of the statutes the parental rights had been transferred and these plaintiffs came clearly within the second exception of Art. 46a, Sec. 6, and that their written consent was unnecessary.

We deem it unnecessary to comment on the necessity for the written consent of the defendant. No better consent could be had than her petition to adopt and her appearance in that proceeding.

So far as we have been able to find, the exact question here has never arisen and been determined by the courts of Texas. We desire to cite, however, for whatever light they may throw on the situation, the cases of Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420; Pearce v. Harris, Tex. Civ.App., 134 S.W.2d 859; and Stone v. Dickerson, Tex.Civ.App., 138 S.W.2d 200.

In other jurisdictions, where the parental rights have been terminated, consent of the parents to adopt the child is not necessary, and we cite here the cases cited in appellee's brief: Appeal of Goshkarian, 110 Conn. 463, 148 A. 379; In re Connolly, 154 Misc. 672, 278 N.Y.S. 32; Purinton v. Jamrock, 195 Mass. 187, 80 N.E. 802, 18 L.R.A.,N.S., 926; Egoff v. Madison County Children's Guardians, 170 Ind. 238, 84 N.E.

151; State v. Wheeler, 43 Wash. 183, 86 P. 394; In re McKeag's Estate, 141 Cal. 403, 75 P. 1039, 99 Am.St.Rep. 80; Furgeson v. Jones, 17 Or. 204, 20 P. 842, 3 L.R.A. 620, 11 Am.St.Rep. 808; People v. Callan, Sup., 124 N.Y.S. 1074; and Nugent v. Powell, 4 Wyo. 173, 33 P. 23, 20 L.R.A. 199, 62 Am. St.Rep. 17.

■ There is nothing in this record that indicates the plaintiffs have been denied any rights guaranteed to them under Sec. 15, Art. 1, of the Constitution. The record discloses that on January 21, 1936, in the juvenile proceedings, the plaintiffs were present at that trial. They subsequently filed their petition in that cause and sought to have the custody of the child changed and the former order and judgment of the court set aside; they were given a trial by jury, and judgment, on the findings of the jury, was rendered against them on May 23, 1938. From that judgment they did not appeal. We think we have correctly construed the effect of that judgment as divesting them of their parental rights in the child. If we are correct in that conclusion, then they had and have no rights in the child, the subject matter of this cause. It cannot be said they have been deprived of their natural and legal parental rights without notice and consent, because that had been done in the proceeding initiated by themselves when they sought to have the judgment and order set aside in the juvenile proceeding and the custody of the child changed May 23, 1938.

■ We are not unmindful of the presumptions rightfully indulged in favor of the natural right of parents to the custody and control of their child. It is ordinarily presumed that the best interests of the child will be best subserved in the custody of its natural parents, and their right to its custody and control recognized; but that right is not absolute—it is made the subject of judicial control by the various provisions of our statutes, always looking to the best interest of the minor, which is paramount to all other considerations. When the interest of the child demands a different disposition, the right of the parent must yield to the opportunity of the child to reap the better advantage. These principles have been repeated many times, and a much better statement of them may be found in such cases as Davis v. Sears, Tex.Com. App., 35 S.W.2d 99, and Legate v. Legate, 87 Tex. 248, 28 S.W. 281. These seem to have been the primary considerations that influenced the court in the disposition of

this child in the course of the several proceedings had.

The plaintiffs have not in their petition, as required by the statute, assailed the moral fitness of the defendant, nor charged her with any abuse, neglect or ill treatment of this child, all of which it is necessary to allege and support with proof before the adoption may be set aside.

We find no error, and the judgment of the trial court is affirmed.