## SILVA v. ARANDA et ux.

### No. 11990.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 21, 1949.

D. Richard Voges, Floresville, for appellant.

DeWitt Murray, Floresville, for appellees.

NORVELL, Justice.

The trial court awarded custody of the minors, Lorenzo Silva, Jr., six years of age, and Mary Louise Silva, four years of age, to Dionicio and Aurelia Aranda, the parents of the deceased mother of the children.

The father, Lorenzo Silva, has appealed to this Court, and asserts that the evidence shows conclusively that he is a fit person to have custody of the children and wholly fails to show that the best interests of the children demand that the natural father be deprived of their custody.

The record discloses that the credibility of witnesses was involved and the statement made by Chief Justice Pitts of the Amarillo Court of Civil Appeals in Thompson v. Haney, 191 S.W.2d 491, 493, is applicable here, viz.: "Under our system * * * the question of a minor child's custody in such cases is addressed to the sound discretion of the trial court, who faces the parties and the witnesses, observes their demeanors and personalities, and feels the forces, powers and influences that cannot be discerned by merely reading the record. He is therefore in a better position to analyze the facts, weigh the virtues of the parties, and determine what will be for the best interests of the minor child. We must assume from the record in this case that the trial judge was endeavoring under the well-established rules of law to award the child to the person best fitted to care for it. It is a well-established rule of law that the judgment of the trial court in such a case will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion."

334

■ No express findings and conclusions were filed and we are required to view the evidence in the light most favorable to the prevailing parties below. Bearing this rule in mind, we make the following statement:

Appellant was married to Sebastina, the daughter of appellees, and four children were born to this marriage, the two younger ones being involved in this proceeding. Sebastina suffered from tuberculosis and died of that disease in January of 1947, after a lingering illness. Before Sebastina's death, the doctor advised that the children not live in the same house with the mother and they were taken to the house of their grandparents.

After the mother's death the two older children were returned to their father, but the other two remained with appellees. At the time of the trial they had been living with their grandparents for a period of over two years. During this time appellant contributed nothing to their support; has given them no clothes or presents, and only visited them about six times. Appellees paid all of the funeral expenses incident to Sebastina's death and have never been reimbursed by Silva.

After appellant returned from the army in 1945, he made no attempt to obtain employment for a period of six months. He finally bought into a radio shop and is now attending a radio school and the government is paying him $125.00 per month while he is in school. He lives in San Antonio with his second wife, whom he married in April of 1947. The living quarters occupied by appellant, his wife. and his two older children, consist of two rooms about twelve feet square, located behind the radio shop. There is a grocery store and a liquor store located in the same building with the radio store. There is no yard and appellant testified that he was trying to find another place to stay.

Appellees rent a large, two-story house in Floresville, Texas, which is occupied by appellees and ten of their children, three girls and seven boys, all of whom assist in supporting the family and the two young children involved in this suit.

■ We must presume that the trial judge found that appellant was not a fit person to have custody of the children and that their best interests would be served by allowing them to remain with the family of the maternal grandparents. In view of the broad discretion vested in the trial judge, we cannot say that these findings have no support in the evidence. It is inferable that appellant neglected not only his children but also his sick wife, and allowed the grandparents to assume and discharge his obligations to his family without receiving any help from him.

■ Appellant cited numerous authorities holding that there is a presumption that the best interest of the child will be served by allowing the surviving parent to have custody of said child. Article 4118, Vernon's Ann.Civ.Stats; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Castro v. Castellanos, Tex.Com.App., 294 S.W. 525. While we recognize this rule of law, we are of the opinion that the evidence in this case is sufficient to rebut the presumption. We can not say that the trial judge abused his discretion in refusing to deprive the maternal grandparents of the custody of the small children here involved.

The judgment appealed from is affirmed.

SMITH, C. J., absent.