PETTIT v. ENGELKING et ux.

No. 12614.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 30, 1953.

Robert D. Nogueira, Beeville, for appellant.

Reese D. Wade, Beeville, for appellees.

### W. O. MURRAY, Chief Justice.

On March 7, 1953, Fred Engelking and Iva Engelking, husband and wife, filed their petition for the adoption of a minor child named Linda Sue Mann, in the District Court of Bee County, Texas. On the 16th day of April, 1953, Virginia Pettit, the natural mother of the child, filed her petition in the same court for a writ of habeas corpus to recover the custody of the child. These two causes were consolidated, and tried together on April 24, 1953. Judgment was entered refusing the writ of habeas corpus and authorizing the adoption of the child, whose name was thereafter to be Linda Sue Engelking, from which judgment Virginia Pettit has prosecuted this appeal.

It appears from a final judgment of the District Court of Bee County, Texas, that on December 5, 1952, Joshua S. Mann and his wife, Leona Mann, adopted Gladys Virginia Netherton (born out of wedlock), with the consent of her natural mother, Virginia Pettit, the child's name being changed to that of Linda Sue Mann, and as a result of this judgment all of the parental rights of Virginia Pettit as to her daughter Gladys Virginia were severed. This judgment has never been set aside and contains a full recital of all facts necessary to show that it is a valid final judgment of that court.

The writ of habeas corpus proceedings were a collateral attack upon the judgment of December 5, 1952, whereby the Manns became the adoptive parents of Linda Sue Mann. This judgment was not subject to such collateral attack, as it was complete upon its face and set forth all facts necessary to show that the court had jurisdiction. Collins v. Jones, Tex.Civ. App., 79 S.W.2d 175; Benson v. Mangrum, Tex.Civ.App., 117 S.W.2d 169; Robins v. Sandford, Tex.Com.App., 29 S.W.2d 969; Barnes v. Raymer, Tex.Civ.App., 214 S.W. 2d 341; Hardy v. Wernette, 134 Tex. 229, 134 S.W.2d 1032; Hamilton v. Craig, Tex. Civ.App., 257 S.W.2d 500.

Appellant argues that the judgment of adoption of the child by the Manns was void for the following reasons:

(1) The Manns did not in good faith adopt the child, because they only kept the child "for a month or less."

(2) There was fraud in the adoption of the child by the Manns in that they agreed to adopt the child for the purpose of passing her off to the appellees.

(3) The appellant did not understand what she was doing when she signed the consent for the Manns to adopt the child.

(4) The child had not been in the home of the Manns for six months prior to the judgment of adoption.

(5) Mrs. Engelking was appointed the investigator in the Mann's adoption proceedings and she was not a "suitable person."

(6) The petition for adoption by the Manns did not pray for a waiver of the requirement of six months' residence of the child in the home of the Manns.

All of these contentions present nothing more than a collateral attack upon a judgment valid upon its face, and could properly be presented only in a suit in which a direct attack was being made upon this judgment.

The judgment appealed from is affirmed.