**Virginia PETTIT, Appellant,**

**v.**

**Fred ENGELKING et al., Appellees.**

**No. 12856.**

Court of Civil Appeals of Texas.

San Antonio.

May 4, 1955.

Rehearing Denied June 1, 1955.

Robert D. Nogueira, Beeville, for appellant.

Reese Wade, Beeville, for appellees.

## W. O. MURRAY, Chief Justice.

This suit was instituted by Virginia Pettit in the District Court of Bee County, Texas, as Cause No. 8371 on the docket of that court. When originally filed, the suit had for its purpose the setting aside of the judment theretofore rendered by the District Court of Bee County in Cause No. 8283, styled, In re Gladys Virginia Netherton. On June 11, 1954, plaintiff filed her Third Amended Original Petition in which she sought to set aside two judgments rendered by the District Court of Bee County at prior terms of the court. One of these judgments was the one above mentioned, rendered on December 5, 1952, in Cause No. 8283, styled, In re Gladys Virginia Netherton, a Minor, in which judgment Joshua S. Mann and Leona Mann were permitted to adopt the above minor, whose name was changed to Linda Sue Mann. This case will hereafter be referred to as the Mann Adoption Case. The other judgment was rendered April 24, 1953, in a consolidated case, wherein two suits were tried as one. The two cases consolidated were Cause No. 8361, styled, In re Linda Sue Mann, a Minor, an adoption proceeding by Fred Engelking and wife, Iva Engelking, for the adoption of the minor, Linda Sue Mann, and Cause No. 8373, styled, Ex parte Linda Sue Mann, a Habeas Corpus proceeding. The judgment denied the petition for writ of Habeas Corpus and authorized the Engelkings to adopt the minor, whose name was changed to Linda Sue Engelking. This consolidated case will hereafter be referred to as the Engelking Adoption Case. The defendants named in the present suit are, Fred Engelking and wife, Iva Engelking, Joshua S. Mann and wife, Leona Mann, and Linda Sue Engelking, formerly Linda Sue Mann, and originally Gladys Virginia Netherton. The Engelkings and the Manns filed a motion for summary judgment. Appellant filed a reply and attached thereto a rather lengthy affidavit setting out many facts about this litigation with reference to her illegitimate daughter, Gladys Virginia Netherton.

From our judicial knowledge, acquired from the appeal to this Court of the consolidated case (Cause No. 8361 and Cause No. 8373), Pettit v. Engelking, our opinion reported, 263 S.W.2d 619, from the pleadings and the exhibits attached thereto, and from the affidavit of appellant, we are able to ascertain the following undisputed facts:

Appellant is the mother of the minor, Gladys Virginia Netherton, now known as Linda Sue Engelking. She executed a written sworn consent for the adoption of her daughter by the Manns. She did so under pressure and reluctantly, but nevertheless she did so. Thus she had knowledge of the proceedings by the Manns to adopt her minor child and consented to that adoption. She made herself a party to the adoption proceedings by the Engelkings, appeared at the trial and attempted to prevent such adoption. The Manns gave their written consent to the adoption of the minor by the Engelkings. Appellant here was the only appellant in Pettit v. Engelking, Tex.Civ.App., 263 S.W.2d 619.

Appellant contends that the adoption by the Manns was not in good faith because they knew that she would never agree to the adoption of her daughter by the Engelkings, so they entered into an agreement with the Engelkings that they, the Manns, would first adopt the minor, with appellant's consent, and then they in turn would consent to the adoption of the child by the Engelkings, thus perpetrating a fraud upon her.

The judgment in the Mann Adoption Case is regular on its face and recited all of the judicial facts, including the consent by the mother, necessary to make it a valid judgment. The court had jurisdiction to grant the adoption and the judgment is valid on its face. Appellant says that she signed the consent under duress and that she withdrew it before the judgment was

rendered. These are matters which should have been raised at the trial or by motion for new trial or by appeal, and could be nothing more than intrinsic fraud.

■ Where a mother executes a written consent for the adoption of her child and it is filed among the papers of the case, she has all the notice of the adoption proceeding which the law requires, and the judgment of adoption is as binding upon her as though she were a party to the proceeding. Austin v. Collins, Tex.Civ. App., 200 S.W.2d 666; Matthews v. Whittle, Tex.Civ.App., 149 S.W.2d 601; Pearce v. Harris, Tex.Civ.App., 134 S.W. 2d 859; Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420; Smith v. Curtis, Tex. Civ.App., 223 S.W.2d 712; Article 46a, § 6, Vernon's Ann.Civ.Stats.

Appellant's suit here is a straight suit at law and does not meet any of the requirements of an equitable proceeding in the nature of a bill of review to set aside a judgment rendered at a prior term. 17 Tex.Jur. 26, § 24 et seq. It is more in the nature of a motion for new trial filed after the judgment has become final.

■ Even if appellant had requested the withdrawal of her consent to the adoption during the trial, this would have been a matter addressed to the discretion of the trial court as to whether there was good cause for such withdrawal. McRae v. Lamb, Tex.Civ.App., 233 S.W.2d 193.

What we have said here applies with equal force to appellant's attempt to set aside the judgment in the Engelking Adoption Case, to which she was an actual party.

■ Even if appellant's suit be regarded as an equitable one, in the nature of a bill of review, it still fails under the known undisputed facts to show any fraud which would be sufficient to set aside a judgment rendered at a prior term. The fraud which must be alleged and shown is extrinsic fraud. Intrinsic fraud is of no avail. Appellant's allegations and affidavit at most relate of intrinsic fraud. Alexan-

der v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

The trial court properly granted appellees' motion for summary judgment.

The judgment of the trial court is affirmed.