Leroy COKER et ux., Appellants,

v.

Marlene Herod HARRIS et vir, Appellees.

No. 14985.

Court of Civil Appeals of Texas.

Dallas.

June 24, 1955.

Rehearing Denied July 22, 1955.

Earl R. Parker and Burt Barr, Dallas, for appellants.

Waller M. Collie, Jr., Dallas, for appellees.

DIXON, Chief Justice.

This is a child custody contest between sisters, one the mother and the other the aunt of a four year old boy. The mother and her husband were plaintiffs in the trial court; the aunt and her husband were the defendants. After a trial before the court without a jury, judgment was rendered in favor of the mother.

Appellants, the aunt and her husband, in their points 2 and 3 assert that the judgment is contrary to the great weight and preponderance of the evidence, and that the testimony of impartial witnesses required the court to render judgment for the appellants.

Findings of fact and conclusions of law were not requested and none were filed by the trial court. Therefore we are required as a matter of law to view the evidence in a light favorable to appellees, and to assume that the trial court found all issuable facts raised by the evidence in such manner as to sustain the judgment. Rule 296, Vernon's T.R.C.P., note 12; Silva v. Aranda, Tex.Civ.App., 223 S.W.2d 333. It is to be remembered, too, that in child custody suits the trial court is clothed with discretionary powers and its judgment will not be reversed except in case of an abuse of discretion. 21 Tex.Jur. 492.

The statement of facts is 521 pages in length. There were numerous witnesses, and their testimony is conflicting, some of it favorable to the mother and her husband, and some of it favorable to the aunt and her husband on the issue of the fitness of the respective parties to have the care and custody of the child. But we are bound by the legal principles stated in the last preceding paragragh. Bearing those principles in mind we shall therefore set out in a condensed form the record testimony which in our opinion amply supports the trial court's judgment.

There is evidence in the record to this effect: The mother of the child came to Texas in 1946 when she was 16 years of age and resided with her sister and her sister's husband until 1949 when she married the child's father. Some time after the birth of the child the mother and father separated, the mother and child moving back to appellants' home. Thereafter the parents were divorced, the mother being awarded care and custody of the child. The mother and child continued to live with appellants, and during this period the mother, who was employed, cared for the baby in the evenings, fed him, clothed him, and paid for their room and board. The mother and child moved with appellants to McCamey, Texas in 1951. After several months the

parties all returned to Dallas, where the aunt and mother both found employment. Then for a short period the aunt returned to McCamey, and with the mother's consent, took the child with her. For some months this arrangement continued, the mother sending $15 to $20 per week to McCamey for support of the baby, and making frequent visits to McCamey to see him. The aunt and her husband thereafter separated and the aunt came back to Dallas with the baby, living with the mother in an apartment. After about a month the aunt and her husband had a reconciliation, and the parties all moved back together, the mother paying part of the living expenses.

In 1954 the mother married appellee Robert B. Harris and she and the baby moved into an apartment with her new husband. The marriage of the mother and the removal of the mother and child to their own quarters did not sit well with the aunt who had grown to love the child.

In 1954 the aunt joined her husband who had gone to South America on business. She and her husband were to return in three weeks, and the child, with the mother's consent, was taken to South America on the assumption that they would return in three weeks. Several months went by and they did not return. Finally through the mother's efforts, together with the help of appellants' employer, and the co-operation of the Government of Venezuela, appellants were compelled to return to the United States with the child. The contest over the custody of the child soon began in earnest.

There is testimony in the record that Robert Harris, the mother's present husband, is the owner of a service station and makes $10,000 to $15,000 per year. He and the mother attend church at the Walnut Hills Baptist Church and take the child to Sunday School there. He is very fond of the little boy and treats him as if he were his own son.

■ In the light of the evidence as a whole, and especially the testimony above briefly summarized, we do not believe that the judgment in this case is contrary to the great weight and preponderance of the evidence. Nor do we find any basis for holding that the testimony of impartial witnesses required the court to render judgment for appellants. Therefore we overrule appellants' points 2 and 3.

■ In their first point appellants say that the trial judge erred in overruling their motion to recuse himself on the grounds of bias, prejudice, and lack of impartiality. The evidence showed that the attorney for appellees had supported the judge in his recent campaign for re-election. The grounds named are not sufficient as a matter of law to require the judge to recuse himself. 25 Tex.Jur. 262; 265. In the recent case of Moody v. City of University Park, Tex.Civ.App., 278 S.W.2d 912, at pages 918–919, this Court, speaking through Justice Young, had occasion to discuss this question, so we see no need to discuss it at length again here. Anyway appellants' first point has no merit for another reason: The testimony shows without dispute that one of appellants' attorneys also supported the trial judge in his campaign for re-election; in truth, the record indicates that said attorney for appellants was more active and did more in support of the judge in his campaign for re-election than did the attorney for appellees. Appellants' first point is overruled.

The judgment of the trial court is affirmed.