Robert Lee PURVIN et ux., Appellants,

v.

Ralph LEE, Appellee.

No. 3444.

Court of Civil Appeals of Texas.

Waco.

March 14, 1957.

———◆———

Freeman Mittenthal, Earl R. Parker, Dallas, for appellants.

Mullinax & Wells, Dallas, for appellee.

TIREY, Justice.

Ralph Lee, appellee, brought this action in the Juvenile Court of Dallas County as the petitioner in a bill of review to set aside a prior judgment of adoption of his two children, rendered in that court on December 22, 1952. This is the second appeal of this cause to this court. See 285 S.W. 2d 405 (n.r.e.). In the foregoing opinion will be found a rather full statement of the material facts and an excellent discussion of the law points involved. The court in its charge instructed the jury in part as follows: "The term 'voluntary abandonment' as used in this charge does not include an act or course of treatment pursued by a parent which is done through force of circumstances or dire necessity, but it is used more in a sense of a willful act or course of conduct, and such as would imply a conscious disregard or indifference to such child in respect to the parental obligation that the parent owes to such child." The cause was submitted to the jury on two issues: (1) "Do you find from a preponderance of the evidence that Ralph Lee voluntarily abandoned and deserted James Kenneth Lee and Ralph Dwain Lee for a period of two years before November 5, 1952?", to which the jury answered "No." (2) "Do you find from a preponderance of the evidence that Ralph Lee voluntarily abandoned and deserted James Kenneth Lee and Ralph Dwain Lee for a period of two years before December 7, 1953?", to which the jury answered "No."

The court granted appellee's motion for judgment on the verdict. In the decree we find substantially this recital: The court finds that the verdict of the jury is supported by the evidence and that the law and the facts are with the petitioner, Ralph Lee; that Ralph Lee did not voluntarily abandon and desert his children for two years prior to November 5, 1952, and that he did not voluntarily abandon his children for a period of two years prior to December 7, 1953, and that Ralph Lee did not give his consent, in writing, to defendant Purvin for the adoption of the minor children and that the judgment of adoption entered in this cause on the 22nd day of December, 1952, was improvidently entered and therefore void as to petitioner, Ralph Lee, and that the application for a bill of review should be in all things granted, and that the adoption heretofore granted on the 22nd day of December, 1952 in Cause No. 71704–F/J, styled James Kenneth Lee and Ralph Dwain Lee, Minors, in the Juvenile Court of Dallas County, Texas, should be held null and void, and the court decreed accordingly. The court further decreed substantially that all legal relationships and all rights and duties between Ralph Lee and his children be restored as fully as if said judgment of adoption had never existed. We quote the following: " * * * and it further appearing to the court that the defendants, Robert L. Purvin and wife, Frances Faye Purvin, have by their amended answer and cross action filed on December 7, 1953, in this Honorable Court seek to adopt the said minor children, James Kenneth Lee and Ralph Dwain Lee, and it further appearing to said court that the said petitioner, Ralph Lee, has failed to give his consent in writing to said adoption, and the jury having further found that the said Ralph Lee did not voluntarily abandon and desert James Kenneth Lee and Ralph Dwain Lee for a period of two years before December 7, 1953," the court then decreed that such application for adoption be denied.

Appellants seasonably filed their motion for new trial, which was overruled, and they perfected their appeal to the Dallas Court of Civil Appeals and the cause is here on transfer order of our Supreme Court.

■ Appellants assailed the judgment of the trial court on what they designate as eight points. Point (1) is substantially that the court erred in refusing to grant appellants' request that the jury be instructed that Ralph Lee, the natural father, was at all times, from July 7, 1950, to November 5, 1952, legally liable for the mainte-

nance and care of these two children. We find no merit in this contention and it is overruled. Appellants, in their adoption petition, pleaded their right to adopt appellee's children on the theory of voluntary abandonment. The court trying the case found voluntary abandonment. See former opinion of this court for a discussion of this matter, wherein this court pointed out that the petition was insufficient to invoke the jurisdiction of the Juvenile Court under the 1951 amendment to the adoption statute, Vernon's Ann.Civ.St. art. 46a. Moreover, under the undisputed facts, the appellee was, in the divorce decree, not required to pay child support for the use and benefit of his minor children until such time as it shall appear to the court, when properly presented to the court, that appellee is financially able to provide such support. All this is shown in our former opinion.

Points (2) and (3) are to the effect that the court erred in submitting special issues 1 and 2 because each was irrelevant and immaterial. Under our former holding, these points do not present a legal proposition and they are overruled.

Point (4) is that the court erred in submitting the definition of abandonment and refusing to submit the definition of abandonment as submitted by respondent. This cause was tried on the identical pleadings that were before us in the first trial. It is our view that the definition given by the trial court of abandonment is correct, and that it is in accord with the views expressed by this court in its former opinion. There is no merit in Point (4) and it is overruled.

Point 5 is to the effect that the court erred in refusing appellants the right to file a trial amendment specifying explicitly which exception of Section 6 of Art. 46a, R.C.S., and predicates his right to adopt said children on that part of the statute which provides "or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commen-

surate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court * * *." We quote the pertinent part of the trial amendment: Petitioner "shows to the court that no consent of the said Ralph Lee is necessary for the reason that for a period of more than two years next preceding the filing of said petition for adoption, the said Ralph Lee, contrary to the terms of Art. 46a of the Revised Civil Statutes of the State of Texas 1925, Sec. 6, did wholly fail to contribute substantially to the support of said children during a period of two years, commensurate with his financial ability; and such adoption should be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; * * *."

It is without dispute that appellants and appellee went to trial in July 1956 on the identical pleadings passed on by this court, and it appears that appellants' answer in the former trial was filed December 7, 1953 and was not thereafter amended. This court announced its decision on December 22, 1955, and the mandate was returned to the trial court on April 9, 1956, after our Supreme Court had entered an order "Refused N.R.E." The record shows that this trial was begun on July 19, 1956; that a jury was impaneled and that plaintiff had offered all of his evidence except his own testimony, and at the start of the third day appellants sought to offer a trial amendment. This amendment sought, for the first time, to seek the adoption under the 1951 amendment to the adoption statute. Appellee objected to appellants changing the theory of their defense and adding this additional cross action, and the court sustained appellee. Needless to say that appellee had prepared his case on the original adoption and his bill of review. Appellants were asserting that the original adoption was valid, and with full knowledge of

the evidence and the law of the case as announced by this court they did not seek to plead further until appellee had fully developed his evidence, at which time they sought to plead a new and different theory of cross action. The court in its decree concerning this matter said: "During the course of said trial and at 9:00 A.M. on the 21st day of June, 1956, after petitioner, Ralph Lee, had presented most of his evidence, defendant Robert L. Purvin did request of the court permission to file his trial amendment, seeking in material respects to change the theory of the said Robert L. Purvin for adoption of said minor children, and after the petitioner Ralph Lee objected to the filing of same," the court then decreed that the request of defendant to file a trial amendment be in all things denied, to which action defendant Robert L. Purvin excepted. We sustain the trial court in this respect and do not believe it was an abuse of discretion. See Texas Employers Ins. Ass'n v. Dillingham, Tex.Civ.App., 262 S.W.2d 748 (n.r.e.); also Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422.

■ Appellants' 6th, 7th and 8th points complain in effect of the court's failure to sustain their motion for instructed verdict. The record does not show that appellants filed motion for instructed verdict, nor does it show any order of the court pertaining thereto. Going back to what we have previously said, the issues submitted by the court were tendered by the pleadings and evidence and the testimony was ample to sustain the jury finding thereon. Perhaps we should say that it is our duty as a reviewing court to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur., pp. 370 and 372. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" Citing cases. See Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 514, points 8 and 9, writ ref. Moreover " 'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable." ' " See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated. Since we are of the view that the evidence was ample to sustain the findings of the jury, the well known doctrine announced In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, has no application here. (However, no assignment is here tendered invoking such doctrine.)

Accordingly, the judgment of the trial court is in all things affirmed.