**Ruby Jewel TROTTER et vlr, Appellants,**

**v.**

**Elbert Wellington POLLAN et ux., Appellees.**

**No. 15367.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1958.

Rehearing Denied March 28, 1958.

Earl R. Parker, Dallas, for appellants.

Charles T. Davis, Dallas, for appellees.

YOUNG, Justice.

Our opinion of November 8, 1957 is withdrawn and the following substituted in its stead; to which present or amended motions for rehearing may be addressed.

On January 22, 1957 in Juvenile Court, appellees, the Pollans, husband and wife, had been awarded final custody of the eleven-year old girl, Patricia Ann Snead, through a judgment of adoption; the proceeding being later challenged by Ruby Jewel Trotter (formerly Snead), the natural mother, in a habeas corpus suit, supplemented by a petition to set aside the January decree of adoption. It was charged that said judgment was void in that consent of the petitioner, Mrs. Trotter, had not been obtained; nor had the conditions of art. 46a, V.A.C.S., in lieu of consent, been satisfied. Upon hearing, appellees' judgment of adoption was confirmed; and the mother, Mrs. Trotter, has appealed from the order denying her relief as prayed for—vacation of prior judgment, repossession and legal custody of her child.

Background of the litigation should be outlined briefly. The subject child was the daughter of appellant and Howard Snead, born October 2, 1945. The parents were divorced in May 1950, on petition of Snead, who was given custody of Patricia Ann with right of reasonable visitation reserved to defendant mother. Snead thereafter boarded the child in various homes for short intervals, placing her finally in the home of appellees in December 1950, upon a boarding agreement of $10 per week, where Patricia has since resided in care of the Pollans. Howard Snead died October 31, 1956, whereupon the mother, Ruby Jewel Trotter (she having remarried and living in Rockdale, Milam County), came to Dallas and sought custody of the child from the Pollans, which was refused.

Appellees on November 22, 1956 filed petition in Juvenile Court for adoption of Patricia Ann Snead, alleging in part that they had been caring for and supporting her for more than six years, the minor having known no home other than petitioners' for the greater part of its life, and that it was "to the best interest of said minor child from a health standpoint that she remain with your petitioners." That "The only living parent, Mrs. Ruby Jewel Trotter, now resides at Rockdale, Texas, that she voluntarily abandoned and deserted such child when said child was approximately three years of age, that such abandonment has been for a period of more than two years and has left said child in the care, custody, control and management of your petitioners, and has not contributed in any wise to the support, maintenance or control of said minor child for a period greater than two years"; securing service of citation on Ruby Jewel Trotter at Rockdale on November 24, 1956. The case was heard on basis of investigator's report and testimony (appellant mother not appearing); in which connection the following instrument was signed and filed by Judge Peurifoy: "It being made known to the undersigned, Paul G. Peurifoy, who being Judge of the Juvenile Court of Dallas County, Texas, that the father of the minor, Patricia Ann Snead, is dead and that the mother of Patricia Ann Snead, whose name is now 'Mrs. Ruby Jewel Trotter, has voluntarily abandoned and deserted said minor child,' and that the minor child's residence is Dallas County, Texas, I hereby consent to the adoption prayed for in the petition heretofore filed on November 22, 1956, being numbered and styled as shown above."

Report of the Chief Probation Officer (Sec. 2, art. 46a) recited a divorce of the Sneads in 1950 when custody of Patricia was awarded to the father; the placement of child by him with the Pollans "on a boarding basis" in December 1950; death of Snead on October 31, 1956, and demand made thereafter by the natural mother to the Pollans for custody. Judgment of

adoption recited in part that the court had heard and considered this report of the investigator; and further "that all preliminary consents, waivers, notices and processes necessary to give this court jurisdiction to hear and determine this cause have been given or are on file herein; that petitioners are proper persons to adopt said child; that it is to the best interest of said child that such petition for adoption be granted." The decree also terminated rights of all other persons to the care, custody and control of this minor child, ordering change of name to Patricia Ann Pollan.

The petition of appellants for writ of habeas corpus was filed February 7, 1957, amended to include petition to set aside the January judgment of adoption. Mrs. Trotter alleged that upon death of the father, legal custodian of the child, her rights thereto had become superior to all others, seeking an adjudication to such effect; defendants claiming an abandonment of Patricia by plaintiff, also a failure to make contributions for her support over a period of more than two years, as already mentioned.

On the facts, Ruby Jewel Trotter testified to a waiver of custody in favor of the father at time of the 1950 divorce, perforce of necessitous circumstances, marrying Trotter in 1952, having now a suitable home at Rockdale and her present husband joining in the move for repossession of her child; that she had visited with Patricia at intervals in the past, remembering her each year on birthdays and at Christmas with gifts of wearing apparel, toys and small amounts of money. Mrs. Pollan, aged fifty-three, on cross-examination, admitted in general the gifts and visits to Patricia made by her mother over several years; stating, however, that Howard Snead had

ceased payments of board for the child after the first year or so, a fact which she had made known to Mrs. Trotter [1]; appellees nevertheless continuing voluntary care and support of the child. They stress the fact that citation was served on the mother prior to the January proceedings of adoption, appellant not there making an appearance. For her nonappearance at the trial, Mrs. Trotter testified to having been advised "that nobody could adopt her (Patricia) without my consent"; and that "I didn't have the money" (obviously to hire a lawyer). The statute in question (art. 46a, sec. 6, V.A.C.S.) provides: "Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; *provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability,* then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence." (Emphasis ours.)

First to be determined is the status of the January judgment of adoption and its vulnerability to the independent attack thereon made by appellant. It is appellant's position generally that aforesaid

---

[1]. At this point the testimony is conflicting, Mrs. Trotter saying that on notice of default in board bill by Snead, she had asked Mrs. Pollan the amounts due, but sent no money upon information from the latter to effect that the father had ceased to be in arrears. This, Mrs. Pollan denied, stating that the mother had merely promised to later send money when "Bill" (present husband) got out of the Navy.

adoption decree was void as (1) obtained without her consent, and (2) inapplicability of the emphasized exceptions of art. 46a, she having had no right to custody of the child until October 1956 on death of Snead. Further points of appeal are to effect that said adoption judgment was at least voidable and should have been so held under her February proceedings for relief, in view of testimony adduced at the latter trial.

On the other hand appellees pled in bar of appellant's action the January 1957 adoption proceedings in which she failed to appear; the judgment therein not having been appealed and becoming final. They also pled the statutory exceptions whereby consent of parent is not required, which the trial court impliedly found to exist, and assert validity of adoption on that ground.

 Where, as here, the father has been awarded custody of child in original divorce proceedings, the mother cannot, during such period, be chargeable with desertion (abandonment). Freeman v. State, 103 Tex.Cr.R. 428, 280 S.W. 1069; Jones v. State, 159 Tex.Cr.R. 18, 261 S.W.2d 324; Gomez v. State, Tex.Cr.App., 289 S.W.2d 269. This rule has been held controlling of adoption cases where the exceptions of art. 46a are sought to be established. Lee v. Purvin, Tex.Civ.App., 285 S.W.2d 405; Purvin v. Lee, Tex.Civ. App., 300 S.W.2d 339; Ex parte Payne, Tex.Civ.App., 301 S.W.2d 194. In the case at bar, the adoption record disclosing on its face that one other than appellant had had legal custody of the child until less than a month prior to the institution of appellees' suit, the judgment of adoption would appear to be prima facie void as contended by appellant in points 1 and 3.

 But appellees invoke the rule of estoppel by judgment to which the mother was a party, not appealed from or sought to be set aside in direct proceedings, i. e., Bill of Review; citing Alexander v. Hage-

dorn, .148 Tex. 565, 226 S.W.2d 996, and Pettit v. Engelking, Tex.Civ.App., 279 S.W. 2d 489. Relative to the service of citation upon Mrs. Trotter in cause No. 18,864 B/J, Ex parte Pollan et ux., "There is no provision of law by which the natural parents of a child shall be named as parties to an action for adoption." Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666, 668. Written consent of parent or parents constitutes notice under art. 46a, sec. 6; and in lieu of consent, jurisdiction of the cause is established by allegations and proof of the statutory exceptions, in which alternative, notice is not required. Pearce v. Harris, Tex.Civ.App., 134 S.W.2d 859; Matthews v. Whittle, Tex.Civ.App., 149 S.W.2d 601. Such service of citation upon appellant in our opinion amounted to no more than official notice of the purposed adoption by appellees, a fact which she already knew; the January judgment of adoption not precluding her, sixteen days later, from filing the instant suit. Appellant could have raised the same issues in the adoption proceedings by motion to set aside a judgment not yet final. Texas Rules of Civil Procedure, Rule 329–b, subd. 5.

At such juncture, appellant was entitled to a full hearing on the issues then joined by her pleading which the trial court duly accorded; erring, we think, in the conclusion that the statutory conditions of art. 46a as regards consent had been satisfied. There could have been no "voluntary abandonment and desertion" of the child, as we have already seen; authorities supra; the rule of Freeman v. State being likewise applicable to the alleged failure in contributions and support over the two-year period (abandonment of a lesser degree). And if we be mistaken in the latter statement, it has been held in fact situations strikingly similar to the one here presented, that any finding of nonsupport on part of appellant over the statutory period is so overwhelmingly against the weight and preponderance of evidence as that same should not be permitted to stand. Lee v. Purvin, supra; Jones v. Wilson, Tex.Civ.App., 285 S.W.2d

877; Willson v. Jones, Tex.Civ.App., 304 S.W.2d 573.

Though legally deprived of custody over the period, appellant's natural love and affection for her child did not abate, as demonstrated by the frequent gifts, letters, visits, etc.; she having now a suitable home, church environments and school facilities; a girl child having been born of the union with Trotter, he well employed and joining in the instant suit for custody. The trial court in the judgment appealed from found the mother to be a fit and proper person by allowing her rights of visitation in person and in her own home. On the other hand, the Pollans have furnished Patricia a suitable home since five years of age, along with Christian training and educational facilities. The close affection of foster parents and child is evidently mutual; according to the investigator's report, the latter preferring to live with them. We conclude, however, that on this phase of the litigation the exceptions of 46a, subd. 6, have not been met, thereby voiding the judgment of adoption.

■ But even so, appellees argue, continued custody of the child should be adjudged to them, considering its best interest and welfare; and the court has denied appellant's petition for habeas corpus. Here appellant contends that the trial court has abused its discretion in denial to her of custody upon death of Snead the prior legal custodian, in that she, admittedly a fit and suitable person, had superior rights thereto under the law (art. 4118, V.A.C.S.) and settled decisions. Templeton v. Walker, Tex.Civ.App., 179 S.W.2d 811, 813, writ ref., is cited, holding that "In the disposition of the custody of a child, the prime consideration is the welfare of the minor and in whose custody its best interest will be subserved. Hilliard v. Watson, Tex.Civ.App., 170 S.W.2d 310, writ refused, and authorities there cited. 'The custody of the child is by law with the father (the mother being dead), unless it appears by satisfactory evidence that the best interest of the child demands that he should be deprived of that custody, and upon him who so avers devolves the burden of proof,—the presumptions are against it.'" This inner quotation was first stated in Weir v. Marley, 99 Mo. 484, 12 S.W. 798, 6 L.R.A. 672, expressly approved in State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, and Dunn v. Jackson, Tex. Com.App., adopted by Supreme Court, 231 S.W. 351. But above mentioned presumption of law in favor of appellant is in no wise conclusive, even when found to be a fit and suitable person. Dunn v. Jackson, supra; Cecacci v. Martelli, Tex.Civ.App., 235 S.W. 951, writ ref.; Miller v. Banks, Tex.Civ.App., 280 S.W. 301. "Natural parent is entitled to child's custody unless person asserting otherwise sustains burden of proving child's interests demand that parent be deprived of custody." Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731, syl. 2. "Though there are cases which apparently hold to the contrary, according to the best authorities, the mere fact that a father is a suitable custodian does not entitle him as a matter of right if the welfare of the child demands the award of custody to some other person." 31 Tex.Jur., sec. 15, p. 1292. In other words, the presumption is prima facie only, i. e., a rebuttable one. Taylor v. Taylor, Tex.Civ.App., 42 S.W.2d 455; Matthews v. Whittle, supra; Silva v. Aranda, Tex.Civ.App., 223 S.W.2d 333; Ex parte Cahill, Tex.Civ.App., 286 S.W. 2d 210.

■ Turning to the instant record, the matter of custody becomes an issue of fact, the testimony being well sufficient to support a judgment either way (for mother or foster parents). It will be noticed that in the habeas corpus proceedings, the court made no finding as to whose custody would best subserve the child's interest and welfare. This is left to implication and an appellate court has no authority to render judgment regarding custody where the trial court made no explicit findings as to whose custody would be most

beneficial to the child involved; such being a matter exclusively within his province to determine. Castro v. Castellanos, Tex.Com.App., 294 S.W. 525. Aside from this, the denial of custody to appellant may have been based on the judgment of adoption, which we have held void.

The case is accordingly reversed and remanded for another trial.

#### On Rehearing.

 Appellant for the first time asserts the lack of any justiciable interest on part of the Pollans in a controversy involving custody of this minor child as against the natural mother, under the rule of decision followed in Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489, 492, that:

"Where an outsider wishes to bring a suit to take a child from the custody of its parent and have it awarded to him or some other outsider, he must bring such suit under the provisions of Arts. 2330 and 2331, and must be prepared to prove that the child is a dependent or neglected child, or that the parent or parents having its custody are unfit persons to have such custody. Until this is shown the law presumes that the custody of the natural parent is best for the child."

According to Mrs. Pollan, following the 1950 "boarding arrangement" whereby they obtained physical possession of the child, the father, Howard Snead, had ceased making the $10 weekly payments after about one year; appellees then voluntarily assuming responsibility for the child's care and maintenance, treating her as their own, with bestowal of love and affection that appears to have been reciprocated. Such being the state of the evidence, we have regarded appellees as persons in loco parentis (foster parents) with existing justiciable interest, rather than as "outsiders". " * * * one who through kindness or charity or other motive has received into his family and treats a child as a member thereof, stands in loco par-

entis (in the place of a parent) so long as the child remains in his family." 31 Tex. Jur., p. 1282.

Applicable here, in our opinion, is the rule stated in Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731, syl. 3, that:

"In proceeding between father (or mother) and foster parents for child's custody, interest of child is paramount question."

Appellants' motion for rehearing is overruled.