## PEARCE v. HARRIS et al.

### No. 3915.

Court of Civil Appeals of Texas. El Paso.

Dec. 7, 1939.

Miller & Dawson, of Sinton, for appellant.

W. B. Moss, of Sinton, for appellees.

HIGGINS, Justice.

On September 28, 1937, Doris Pearce was granted a divorce from her husband, A. W. Pearce, by the District Court of San Patricio County. The custody of Ardyce Ann Pearce, the child of Mr. and Mrs. Pearce, was awarded to Mrs. Pearce, with the right of the father to visit the child at any reasonable time. A. W. Pearce, by the terms of the decree, was ordered to pay Mrs. Pearce $25.00 a month for the maintenance, support and education of the child. Thereafter Mrs. Pearce married T. W. Harris. On October 17, 1938, Harris and wife filed a petition in the District Court of San Patricio County for leave to adopt the said child and that her name be changed to Ann Harris. October 27, 1938, the Court granted the petition and ordered the child's name changed to Ann Harris. On October 31, 1938, Harris and wife, by an instrument duly acknowledged, adopted the child as their legal heir. The child at this time was about six years old.

On January 9, 1939, A. W. Pearce filed this suit to set aside the judgment of October 27, 1938, above mentioned. He set up that in September and October, 1938, Mrs. Harris sought to obtain his signature to an instrument consenting to the adoption of the minor by Mrs. Harris and her husband, T. W. Harris, and he had refused to do so; that he had made inquiry of the District Clerk of San Patricio County whether any proceedings had been commenced to adopt the child and was informed that there had not been, and he first learned of the adoption of the child after the term of the court had ended at which the judgment of October 27, 1938, had been rendered. He attacked the validity of the decree of adoption upon the ground that it was rendered without notice to him, he had not consented to such adoption, and had not abandoned nor deserted the child or voluntarily left her to the care, custody and control of other persons. It is unnecessary to state other allegations in the petition.

Upon trial without a jury judgment was rendered denying the relief sought by Pearce. Full and complete findings of fact were filed by the trial court, but need not be stated at length. Among other matters the court found: The plaintiff did not consent to the adoption of his child by Harris and wife and he was given no notice of the pendency of the proceedings for adoption in the District Court of San Patricio County, nor did he appear or participate therein; prior to and during the pendency of the adoption proceedings Pearce resided in San Patricio County and his residence was known to Harris and wife; Pearce did not voluntarily abandon and desert his child for a period of two years; nor did he leave her to the care, custody, control and management of other persons; nor did he fail to contribute to her support during such two years period; the County Judge of San Patricio County, where the child resided, did not give his consent in writing for T. W. Harris and wife to adopt the child; other than the order in the divorce decree there is no judgment, decree or order affecting, transferring or terminating the parental rights of A. W. Pearce prior to the judgment rendered in the adoption proceedings; A. W. Pearce first learned of the institution of the adoption proceedings and the judgment rendered therein after the expiration of the term of court at which the judgment was rendered granting the leave to adopt.

The decree of October 27, 1938, does not show A. W. Pearce consented to the adoption of his child, nor does such decree show any character of notice to Pearce of the pendency of the adoption proceedings.

An Act of the 42nd Legislature, Ch. 177, p. 300, Art. 46a, Vernon's Annotated Civil Statutes, authorizes the adoption of a minor child by an adult upon petition by such adult so to do in the District Court and leave granted by such Court. The

sixth section of the Act was amended by Chapter 490, Acts 45th Legislature, p. 1324. Amended Section 6 reads:

"Sec. 6. Except as otherwise amended in this Section, no adoption shall be permitted except with the written consent of the living parents of a child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during such period of two (2) years, then in such event it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence, or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence.

"In the case of a child fourteen (14) years of age or over, the consent of such child also shall be required and must be given in writing in the presence of the Court. Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of competent jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the superintendent of the home or school, or of the individual to whom the care, custody, or guardianship of such child has been transferred by a Juvenile Court or other Court of competent jurisdiction. In case of a child not born in lawful wedlock the consent of the father shall not be necessary."

Section 9 of the original Act in part reads as follows: "Sec. 9. When a child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, provided however, that nothing herein shall prevent such adopted child from inheriting from its natural parent; all adopted children shall inherit from the adopted as well as its natural parents. Said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents

by adoption as fully as though born of them in lawful wedlock. Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and shall inherit from said parent or parents by adoption, and as the child of said parent or parents by adoption, as fully as though born to them in lawful wedlock; subject, however, to the provisions of this Act. Said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adopted child, and shall, as such adopting parent or parents, inherit from and as the parent or parents of said adopted child as fully as though the child had been born to them in lawful wedlock; provided, however, that upon the death of such adopted child, while unmarried and without issue of its body, all of its property, of whatsoever kind and nature, shall pass and descend to the adopting parent or parents, if living, * * *."

Succeeding portions of Section 9 also exclude the natural parent of any right of inheritance from the child.

The statute does not provide for any notice to the natural parent of the petition for leave to adopt.

From the trial court's conclusions of law we quote: "I conclude, as a matter of law, that the decree of divorce in cause No. 4763, Doris Harris v. A. W. Pearce, in the District Court of San Patricio County, Texas, awarding the custody of Ardyce Ann Pearce to the defendant Doris Harris terminated the parental rights of the plaintiff, A. W. Pearce, in and to his daughter, Ardyce Ann Pearce, and was the termination of the parental rights of A. W. Pearce to his daughter, Ardyce Ann Pearce, by order of a Juvenile Court or other Court of competent jurisdiction within the contemplation of the exceptional provision of Article 46a, Vernon's Annotated Revised Civil Statutes as amended, Acts 1937, 45th Legislature, p. 1324, ch. 490 § 1, dispensing with the consent of the living parents."

■ Appellees here seek to sustain the judgment upon the theory indicated in the foregoing conclusion of law. We doubt, if under any circumstances, a natural parent may be deprived of his natural and legal parental rights by a proceeding to which he is not a party, to which he does not consent, and of which he has no notice, actual or constructive, and in

**862**

which he is afforded no opportunity to appear, assert his rights and resist the petition of others to adopt his child.

■ In this connection we quote from 2 C.J.S., Adoption of Children, page 373, § 5, as follows: "A statute by which a parent or other natural guardian could be deprived of his child without notice or opportunity to be heard would, without doubt, be held void as an unconstitutional deprivation of right without due process of law."

See also 2 C.J.S., Adoption of Children, page 390, § 21; 1 R.C.L., pp. 609 and 628.

But for the purpose of this case it may be assumed that under the exceptional conditions stated in amended Section 6 it is constitutionally permissible to grant the leave to adopt without the consent of the natural parent and without notice to such parent.

■ In our opinion it is obvious that the divorce decree in which the care, custody, control and education of the minor were awarded to the mother did not terminate the parental rights of the father. In the first place, this order was temporary in its nature and subject to revocation and change by the District Court at a later date. Upon a proper petition and evidence supporting the same the court at a later date might revoke that portion of the divorce decree and vest in the father the care, custody, control and education of the child. Citation of authority to this effect is unnecessary. Upon its face the order in the divorce proceeding did not terminate all of the parental rights of the father. It expressly reserved and granted to him the right to visit the child at any reasonable time. Certainly the divorce decree did not divest the father of the legal right of inheritance from the child. Whereas under our adoption Act such right is cut off and vested in the adopting parents to the complete exclusion of the natural parent who has been deprived of his rights by judgment in adoption proceedings.

■■ As we have stated above, the adoption statute makes no provision for notice to a natural parent whose child is sought to be adopted by others, but in lieu thereof, and for other reasons, the statute provided that except in certain cases the written consent of the natural living parents was required before the court would be authorized to grant a petition for leave to adopt. The requirement of such written consent is jurisdictional. 2 C.J.S., Adoption of Children, page 415, § 35. Without it, and in the absence of the exceptional provisions mentioned in amended Section 6, the court is without jurisdiction to grant a petition for adoption.

The judgment of the court below is reversed and judgment here rendered in favor of the appellant, vacating, setting aside and holding for naught in its entirety the judgment of October 27, 1938, wherein the appellees were granted leave to adopt the minor Ardyce Ann Pearce and changing her name to Ann Harris.

Reversed and rendered.