**BURNS et al. v. BROWN.**

No. 10048.

Court of Civil Appeals of Texas. Austin.

May 7, 1952.

Rehearing Denied May 28, 1952.

William J. Gerron, Brady, for appellants.

Evans J. Adkins, Newman & McCollum, by Sam McCollum, Brady, for appellee.

GRAY, Justice.

This is a will contest. The facts show that J. J. Brown, the testator, was a widower without children. His nearest of kin were: a brother, J. T. Brown; a single sister, Miss Flora Brown; a married sister, Mrs. Mabel Samuelson; and the surviving children of two deceased sisters, Mrs. Minnie Burns and Mrs. Arilla Wilson. The testator and his single sister resided on property belonging to him. Prior to the execution of the will, J. J. Brown had suffered a second stroke, his right side was paralyzed and he talked with great difficulty. He had been in a hospital at Brady for some time but had been removed to the home of Mrs. Samuelson. While at her home and on September 23, 1950, he executed his will disposing of his estate which consisted of real and personal property. By this will, J. T. Brown was appointed independent executor, all debts were directed to be paid, the children of the two deceased sisters were given $10 each, and Miss Flora Brown was given $2,000. After the payment of the debts and the above bequests, the remainder of the estate was given, share and share alike, to J. T. Brown, Miss Flora Brown and Mrs. Samuelson. J. J. Brown died December 28, 1950.

The contest was originally filed in the County Court of McCulloch County by the surviving heirs of Mrs. Minnie Burns, deceased, and from a judgment of that court admitting the will to probate an appeal was taken to the District Court, the surviving children of Mrs. Arilla Wilson having intervened.

The contestants alleged that at the time the will was executed, J. J. Brown was of unsound mind and that he was under the undue influence of J. T. Brown.

Upon a jury trial in the District Court, only two special issues were submitted. These issues and the jury's answers thereto are:

"Special Issue No. 1: Do you find from a preponderance of the evidence that at the time J. J. Brown executed the will introduced in evidence in this case, he was of sound mind, as that term is defined in the charge?

"Answer 'Yes' or 'No'.

"Answer: Yes."

"Special Issue No. 2: Do you find from a preponderance of the evidence that at the time J. J. Brown executed the will introduced in evidence in this case, he was acting under the undue influence of J. T. Brown?

"Answer 'Yes' or 'No'.

"Answer: No."

Upon the jury's verdict a judgment admitting the will to probate was rendered.

Appellants here present five points. Point one is to the effect that the trial court erred in failing to instruct the jury, in connection with issue one, that the burden of proof was on appellee to establish that J. J. Brown, at the time of the execution of the will, was a person of sound mind. Point two is to the effect that issue two improperly placed the burden of proof upon appellants. Point three is to the effect that the trial court erred in failing to sustain appellants' objection to submitted issue two for the reason that the trial court failed to instruct the jury that the burden was on appellee to show that J. J. Brown, at the time of the execution of the will, was not acting under the undue influence of J. T. Brown. Point four is to the effect that the trial court erred in refusing to give appellants' requested issue one as follows:

"Do you find from a preponderance of the evidence that at the time J. J. Brown executed the will introduced in evidence in this cause he was not acting under the undue influence of J. T. Brown?"

Point five is to the effect that the trial court erred in refusing to give appellants' requested instruction two, in connection with issue two, which instructed the jury that the burden was on appellee to show by a preponderance of the evidence that J. J. Brown, at the time of the execution of the will, was not acting under the undue influence of J. T. Brown.

Appellee offered the will for probate and had the burden of showing that at the time the will was executed J. J. Brown was of sound mind. Art. 3348, Vernon's Ann. Civ.Stat.; Kutchinsky v. Zillion, Tex.Civ.App., 183 S.W.2d 237, error ref., w.o.m. An affirmative answer to submitted issue one, supra, was authorized only if the jury found from a preponderance of the evidence that J. J. Brown was of sound mind at the time he executed the will. The issue properly placed the burden of proof,

and the failure of the trial court to give a separate instruction as to the burden of proof was not error. Rule 277, T.R.C.P., in part provides:

"It is proper to so frame the issue as to place the burden of proof thereon, but where, in the opinion of the court, this cannot be done without complicating the form of the issue, the burden of proof on such issue may be placed by a separate instruction thereon."

Prior to the adoption of this rule, the Supreme Court said:

"The better way to submit special issues is to so frame each question that it will indicate its own burden of proof." Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60, 62.

In Hawkins v. Collier, Tex.Civ.App., 235 S.W.2d 528, 530, the court said:

" * * * the special-issues themselves should be so worded as to properly place the burden of proof on each particular point inquired about."

One of appellants' alleged grounds for contest of the will was that J. J. Brown, at the time he executed the will was acting under the undue influence of J. T. Brown, and the burden was on them to prove it. Long v. Long, 133 Tex. 96, 125 S.W.2d 1034; Burkett v. Burkett, Tex.Civ.App., 105 S.W.2d 500; 42 Tex.Jur. p. 795, Sec. 6. The burden of proof was not on appellee to prove the negative of that issue.

Issue two, supra, properly placed the burden of proof of undue influence on appellants, and it was not error for the court to refuse appellants' requested instruction instructing the jury that the burden was on appellee to prove by a preponderance of the evidence that J. J. Brown was not acting under the undue influence of J. T. Brown at the time he executed the will.

It is our opinion that appellants' points do not present error, the same are overruled and the judgment of the trial court is affirmed.

Affirmed.