Nora Ellen JONES, et vir, Appellants,

v.

John Robert WILLSON, et ux, Appellees.

No. 3302.

Court of Civil Appeals of Texas.

Waco.

Dec. 29, 1955.

Rehearing Denied Jan. 19, 1956.

D. Dalford Todd, Dallas, for appellants.

Eldon Lee Bell, W. H. Hall, Dallas, for appellees.

HALE, Justice.

Appellants brought this suit in the Juvenile Court of Dallas County to set aside a prior judgment of adoption rendered in that court on August 23, 1954. By the terms of the adoption judgment appellees were granted leave to adopt the minor son of appellant, Mrs. Jones, without the knowledge or consent of the latter. Trial before the court without a jury resulted in judgment denying any relief to appellants. The controlling question presented on the appeal is whether the court was warranted, under the pleadings and evidence in the case, in confirming the former judgment of adoption and refusing to grant any relief to appellants herein.

Leon Brewer, the subject of this suit, will hereafter be referred to as the baby. He was born on July 6, 1951, of the marriage between Lucius Brewer and Nora Ellen Brewer. Lucius Brewer is the son of appellee, Mrs. Willson. On August 12, 1952, Nora Ellen Brewer, who was then sixteen years of age, was granted a divorce from Lucius Brewer and the custody of the baby was awarded to his paternal grandmother, Mrs. Willson. Thereafter, Mrs. Brewer lived in the home of her parents until March 21, 1953, when she married her present husband, Austin Jones.

On July 12, 1954, appellees filed their petition in the court below for leave to adopt the baby, Leon Brewer. As grounds for leave to adopt the baby, appellees alleged under oath that "the parents of the said child have abandoned the said child and have not contributed to the support of said child for a period of more than two years next preceding the filing of this petition." They further alleged that Lucius Brewer, the father of the baby, had given his written consent to the proposed adoption; "that the parents of the said child have been judicially deprived of the custody of the said child by reason of the judgment of divorce granted on the 12th day of August, 1952;" and "that by reason thereof the consent of the said Nora Ellen Brewer, now Nora Ellen Jones, so deprived of custody, is not necessary to this proposed adoption."

In the judgment rendered on August 23, 1954 granting leave for appellees to adopt the baby and changing his name from Leon Brewer to Leon Willson, the Juvenile Court found and concluded "that the parents of said minor child have been judicially deprived of the custody of the said child by reason of a judgment of divorce granted on the 12th day of August, 1952 * * *"; and "that by reason thereof the consent of the said Nora Ellen Brewer, now Nora Ellen Jones, so deprived of custody, is not necessary herein."

Appellants alleged under oath in their trial petition in the present suit that Mrs. Jones had not given her consent to the adoption. They further alleged that they had no notice of the adoption suit "and had no opportunity to be heard therein, but to the contrary such judgment was entered without such notice being issued to them on pleadings that the mother had abandoned the said child and leaving it to appear to the court that the mother's whereabouts were not known. It was made to appear by such pleadings filed in such cause that the parental rights to such child had been terminated by such prior suit for divorce decree and the subsequent abandonment of the child by the respondent mother, when nothing could be further from the truth. As a matter of fact, respondents, about three or four months ago, refused to permit the petitioners the privilege of seeing the child, and prior to that time the petitioners had visited said child regularly, and on each of said visits they carried gifts to the said child in evidence of their love for him."

Appellees answered the trial petition of appellants with certain special exceptions, a general denial and an affirmative plea that the custody of the baby was awarded to Mrs. Willson in the divorce decree on August 12, 1952, that thereafter, on August 23, 1954, appellees were permitted to adopt the child, and that since there had been no appeal from either judgment, each had become final and each was conclusive and binding on all parties at interest.

We think the provisions contained in Sec. 6, Art. 46a, Vernon's Tex.Civ.Stats., which permit the adoption of an infant *without the consent of its mother* ought to be strictly construed in favor of the mother and child and that the petitioners for adoption should be required to plead the precise fact or facts upon which they rely for the harsh remedy which they seek, and especially so where the mother has no knowledge or notice of the adoption proceeding, *as in this case.* Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420. Appellees did not allege in their petition for leave to adopt that Mrs. Jones had *voluntarily* abandoned and deserted her baby or that she had not contributed to his

support *commensurate with her financial ability*. Hence, we are of the opinion that the allegations in their petition were insufficient to entitle appellees to adopt the baby without the written consent of his mother. Burran v. Fuller, Tex.Civ.App., 248 S.W.2d 1015.

■ The fact that the custody of the baby was awarded to Mrs. Willson by the terms of the divorce decree of August 12, 1952, did not terminate the parental rights of the mother with respect to her child and did not authorize the trial court to grant permission for appellees to adopt the baby without the consent of Mrs. Jones. Pearce v. Harris, Tex.Civ.App., 134 S.W.2d 859, pt. 3; Stone v. Dickerson, Tex.Civ.App., 138 S.W.2d 200; Poss v. Anderson, Tex.Civ.App., 188 S.W.2d 726.

The evidence before us shows that Lucius Brewer provided very little in the way of support for his wife and child prior to the time he was divorced. His wife testified without dispute that she was compelled to seek employment in order to support herself and her child before the divorce was granted. When she returned to the home of her parents after the divorce had been granted, she felt an obligation to contribute a part of her earnings to her mother who was in ill health. Shortly after she married Austin Jones, her present husband, he was involved in a serious accident and she was compelled to provide a livelihood for him, as well as for herself. She never earned more than $27.50 per week. Notwithstanding her meager funds, she testified that she took gifts to her baby and offered to make contributions to Mrs. Willson for the support of the baby but that Mrs. Willson declined to accept and stated that she did not need any help in taking care of the baby. Although Mrs. Willson denied that appellants had ever offered to make any contribution for the support of the baby, she admitted that she decided shortly after the custody of the baby was awarded to her that she would legally adopt him, even though Mrs. Jones told her she would not consent to such adoption.

■ The court below did not find in the adoption judgment, or in the judgment here appealed from, or in the findings of fact and conclusions of law filed herein at the request of appellants, that Mrs. Jones ever at any time abandoned her child. We think it is quite clear from the recitals contained in the adoption judgment and in the judgment here appealed from, that the trial court did not predicate either of such judgments upon any finding, express or implied, that Mrs. Jones ever at any time voluntarily abandoned and deserted her child within the meaning of Art. 46a of Vernon's Tex.Civ.Stats. As said by this Court in the case of Strode v. Silverman, 209 S.W.2d 415 (er. ref. n. r. e.):

"Voluntary abandonment, as used in the adoption statute, does not include an act or a course of conduct pursued by a parent which is done through force of circumstances or dire necessity, but it is used more in a sense of a wilful act or course of conduct, and such as would imply a conscious disregard or indifference to such child in respect to the parental obligation that the parent owes to such child. Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682."

■ We are of the opinion that the evidence as a whole does not show or tend to show that Mrs. Jones was guilty of any wilful act or omission or course of conduct of such nature as to indicate a conscious indifference on her part to the parental obligation which she owed to her baby. On the contrary, it appears to us that her conduct in relation to her baby, whatever it might have been, was the result of dire necessity on her part and resulted from circumstances beyond her control, and for which she was in no wise to blame. Therefore, if there was any finding of fact, express or implied, that she voluntarily abandoned and deserted her baby, or failed to contribute to his

support commensurate with her financial ability, then, in either event, we hold that such finding or findings do not have proper support in the pleadings or evidence and are so clearly against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Accordingly, the judgment here appealed from must be reversed and the cause remanded to the court below for a full hearing on such amended pleadings as the parties may wish to file in the trial court. See Lee v. Purvin, Tex.Civ.App., 285 S.W. 2d 405, and authorities therein cited.

Reversed and remanded.