Reginald WOODALL, Appellant,

v.

Ralph SCHMUDLACH, Appellee.

No. 13128.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 13, 1957.

Rehearing Denied March 13, 1957.

Rizik & Brewer, San Antonio, for appellant.

Tafolla & Tafolla, San Antonio, for appellee.

BARROW, Justice.

This is a proceeding for the adoption of two minors. Ralph Schmudlach petitioned

for leave to adopt the two minor sons of Reginald Woodall, and alleged that the written consent of the Juvenile Judge of Bexar County, Texas, had been obtained, and that the consent of Reginald Woodall, the natural father of said minors, was not necessary, since said children were abandoned more than two years ago. The parents of these two children were divorced in September, 1950. Their mother remarried in February, 1955, and the petition for leave to adopt was filed by her second husband and contested by the children's father.

After the petition and contest were filed, the parties agreed at a pre-trial conference that "the only disputed question to be tried out was whether or not the written consent of the natural father of the children was required before the petition for adoption could be granted."

The trial court found "that the natural father of the children * * * has not contributed to the support of his children commensurate with his financial ability and circumstances for a period of more than two years, in fact, since the divorce which was granted in the year 1950." The trial court concluded as a matter of law that the written consent of the natural father was not necessary or required before granting the petition for adoption, and granted the petition. This appeal is from that judgment.

■ Appellant presents two questions for decision. First, he complains, for the first time on appeal, that appellee's petition is insufficient to confer jurisdiction. Second, he says that the evidence is insufficient to support the court's finding that appellant "has not contributed to the support of his children commensurate with his financial ability and circumstances for a period of more than two years, * * *." No special exceptions to the sufficiency of the petition were presented to the trial court. Therefore, appellant waived such complaint except as to such allegations as are jurisdictional. Rule 90, Texas Rules of Civil Procedure. The allegations of race of parties, present address, birthdate and birthplace of the minors are requisites of the petition and should be followed both in allegations and proof. However, they are not jurisdictional and can be waived where the parties before the court make no complaint, and where full inquiry is made into the facts, notwithstanding the stipulation of the parties limiting the inquiry. Moreover, appellant waived these matters by entering into the stipulation and making no objection at the time. Adoption statutes are to be liberally construed in favor of the minors in order to effectuate the purpose. 2 C.J.S., Adoption of Children, § 6, p. 375.

■ Appellant complains that appellee's petition does not comply with Subsection (6) of Section 1a of Article 46a, Vernon's Ann.Civ.Stats., in that appellant's consent was not obtained and that no facts were alleged which would excuse such failure. Subsection (6) provides that the petition shall state, among other things, "what written consent papers have been obtained from the natural parent or parents and if none obtained, then specify which exception to the necessity for such consent is applicable." Sec. 6, of Article 46a, provides as follows:

"Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that * * * if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; * * *."

782

The allegation of the written consent of the natural parent or parents, or of facts excusing such consent, is jurisdictional. Pearce v. Harris, Tex.Civ.App., 134 S.W.2d 859, 862; 2 C.J.S., Adoption of Children, § 35, p. 415. The petition contains the following: "That by decree of the 73rd Judicial District Court of Bexar County, Texas, in Cause No. F–60436, the custody of the said minor children was awarded to the wife of Petitioner herein. That by virtue of the aforementioned decree, the father of the said minor children was ordered to pay the sum of Fifty Dollars per month for the support of said minor children, which order he has completely disregarded and ignored and has abandoned the said minor children since September 16, 1950, when said order was entered. That there has been an amended decree entered setting aside the provisions of the aforementioned decree, and leaving the custody of the said minor children open, and the natural father of the said minor children still refuses and continues his failure to support the said minor children as he has done for the past six years." The petition then alleged the consent of the Juvenile Judge of Bexar County. While this allegation is not in the exact language of the statute, it is in substantial compliance therewith and sufficient to confer jurisdiction. Appellant's second complaint is without merit. He complains that his failure to contribute to the support of his children was without his fault. That his former wife and mother of the children and her husband, appellee, refused to accept support for the children from him. The case of Burns v. Brown, Tex.Civ.App., 248 S.W.2d 1019, cited by appellant, is authority for holding that abandonment or failure to support must be wilful or intentional. We are in complete accord with this holding. However, we have examined the statement of facts and find that it contains ample evidence to justify the trial court's action in granting the petition.

The judgment of the trial court is affirmed.