John Robert WILLSON et ux., Appellants,

v.

Nora Ellen JONES et vir, Appellees.

No. 15294.

Court of Civil Appeals of Texas. Dallas.

June 21, 1957.

Rehearing Denied July 19, 1957.

Eldon Lee Bell, W. H. Hall and Earl R. Parker, Dallas, for appellants.

Dalford Todd, Dallas, for appellees.

YOUNG, Justice.

On October 26, 1954 appellees filed this suit to set aside a judgment of adoption of date August 23, 1954, by terms of which Mrs. Bertha Brewer Willson, paternal grandmother, and husband John R. Willson, stepgrandfather, were permitted to adopt the minor son of petitioner, Mrs. Nora Ellen Jones, without her knowledge or consent. This is a second appeal of the cause. On first trial the judgment of adoption had been confirmed. See Jones v. Willson, Tex.Civ.App., 285 S.W.2d 877, for full detail of facts developed on the prior hearing; the Waco Court of Civil Appeals reversing the case for insufficiency of evidence under art. 46a, subd. 6, Vernon's Ann.Civ.St. (permitting adoption without consent of parents): also for insufficiency in statutory allegations of the Willson petition for adoption. Both parties have amended, the issues remaining the same except that Mrs. Jones, appellee, further alleges changed conditions under which the child should be restored to her. On this trial both issues (validity or not of adoption proceedings and award of custody) were resolved in favor of the mother; the Willsons duly excepting and perfecting an appeal from said adverse judgment.

Although the history of the case was fully developed in the opinion of the Waco Court through Associate Justice Hale, a restatement of matters and events leading up to the present controversy is necessary. The child in question was born July 6, 1951 of the marriage between Lucius Brewer and Nora Ellen Brewer. Lucius Brewer is the son of appellant Mrs. Willson. On August 12, 1952, Nora Ellen Brewer, then sixteen years of age, was granted a divorce from Lucius Brewer, with custody of the infant awarded to its paternal grandmother Mrs. Willson, no requirement being made of the parents for its financial support as authorized by art. 4639a, V.A.C.S. Thereafter Nora Ellen was employed at various business concerns, living in the home of her own parents until March 1953, when she married Austin Jones. On July 12, 1954 appellants filed petition for adoption of the child, stating that the father, Lucius Brewer, had given written consent thereto; alleging under oath as grounds for adoption that the parents of said child had abandoned it and had not contributed to its support for a period of more than two years next preceding the filing of petition; and further, "that the parents of the said child have been judicially deprived of the custody of the said child by reason of the judgment of divorce granted on the 12th day of August, 1952"; by reason whereof "the consent of the said Nora Ellen Brewer, now Nora Ellen Jones, so deprived of custody, is not necessary to this proposed adoption"; the August 1954 judgment of adoption also carrying the recitals just above quoted.

Article 46a, sec. 6, V.A.C.S., provides: "Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain

the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

Appellants invoked above exceptions in their amended answer to the instant proceedings. However, in their brief, validity of the 1954 judgment of adoption is grounded solely on the second or disjunctive exception; charging that the mother, Nora Ellen Jones, had not contributed substantially to the support of her child over the two-year period commensurate with her financial ability.

Appellants' points one and two are similar and will be discussed under their initial point, which reads: "Where mother did not consent to adoption of child by paternal grandparent and stepgrandparent, and had no notice of same, and the undisputed evidence in the mother's suit to set aside the judgment of adoption, showed both by her admissions she left the child in the possession of others, and by admissions and by corroborating evidence that she had failed to contribute to support of such child, commensurate with her financial ability, for a period of two years immediately prior to adoption, the evidence and admissions clearly showing she contributed nothing at all of value, and showed no grounds for such

failure, then the judgment of the trial court, setting aside such adoption, being without any evidence to support it, should be reversed and rendered."

In amended pleading and testimony appellees deny that Nora Ellen Jones has failed to contribute to the support of the subject child over the statutory two-year period commensurate with her ability to do so under the facts and circumstances as reflected by this 438-page statement of facts; the controlling issue on this appeal being the same as presented on former appeal, but in reverse, i. e., of whether the trial court was warranted, under the pleading and evidence, in setting aside appellants' judgment of adoption and restoring custody of this minor to appellee, its mother.

Appellants do not particularly complain of the decision on prior appeal (285 S.W. 2d 877). They appear to argue that it relates only to deficiency of pleading and have amended their pleading in accordance. But the Waco Court went further and made findings of fact.[1] On basis of these findings, that Court concluded as a matter of law that the August 1954 judgment of adoption was "so clearly against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust." In effect, the Waco Court has ruled that the prior record was insufficient to invoke the exceptions of Article 46a, subd. 6, whereby notice to the parent is dispensed with; and the cause was remanded for development of additional facts, if any;

---

1. The facts so found were: "The evidence before us shows that Lucius Brewer provided very little in the way of support for his wife and child prior to the time he was divorced. His wife testified without dispute that she was compelled to seek employment in order to support herself and her child before the divorce was granted. When she returned to the home of her parents after the divorce was granted, she felt an obligation to contribute a part of her earnings to her mother who was in ill health. Shortly after she married Austin Jones, her present husband, he was involved in a serious accident and she was compelled to provide a livelihood for him, as well as for herself. She never earned more than $27.50 per week. Notwithstanding her meager funds, she testified that she took gifts to her baby and offered to make contributions to Mrs. Willson for the support of the baby but that Mrs. Willson declined to accept and stated that she did not need any help in taking care of the baby. Although Mrs. Willson denied that appellants had ever offered to make any contribution for the support of the baby, she admitted that she decided shortly after the custody of the baby was awarded to her that she would legally adopt him, even though Mrs. Jones told her she would not consent to such adoption."

resulting in a greatly expanded record on second trial. The former appeal was correctly decided; and the findings there made would constitute "the law of the case" if the factual situation as presently developed be substantially similar. "The doctrine of law of the case is applied only when on the second trial or on appeal from the judgment thereon the facts are substantially the same as they were on the previous trial, or at least when they are so nearly the same as not to affect materially the legal questions involved. * * *" 3-B Tex.Jur., sec. 1115, pp. 782, 783.

In the main, appellants enlarge upon testimony adduced from the same witnesses on the previous hearing; emphasizing the voluntary delivery of child to them, even before the divorce; that Nora Ellen had given her own mother money at intervals, but not a cent towards the child's support; on visiting it, bringing candy bars, once an article of clothing, and on one Christmas a sack of metal toys. Mrs. Wilson said that she never asked the child's mother for any financial support, but that the latter should have done so voluntarily; also making proof that while Nora Ellen was living with her parents, Mr. Fisher, the father, was earning some $81 per week; and that after marriage to Austin Jones, he made $64 to $67 per week in employment at Safeway Stores.

On the other hand, additional testimony on behalf of appellees was to effect that on one of their frequent visits to see the child they had offered to take it down town for a suit of clothes, but were refused by Mrs. Willson; both stating that they had asked permission to take over custody of the child and were willing and able to support it; Mrs. Willson replying on a particular occasion (July 1954) that "no one (was) going to take the baby away from her, no one, not even her own son."

▪ In our opinion, the facts developed under the present record are substantially the same as on first appeal, "or at least so nearly the same as not to affect materially

the legal questions involved. Frankland v. Cassaday, 62 Tex. 418, 420." Green v. Priddy, 112 Tex. 567, 250 S.W. 656, 659. Neither the weekly earnings of her own father, while Mrs. Brewer was living with him, nor of her husband Austin Jones after the second marriage, were in anywise material to the issue sought to be raised perforce of art. 46a, subd. 6. These parties did not occupy any status of locus parenti; the statutory obligation of support devolving upon "such parent" alone. Aside from this, Mrs. Willson, the grandmother, having voluntarily assumed the duty to support the minor Leon Brewer along with its custody following the 1952 divorce hearing, is hardly in position to insist upon a strict application of the statute in her later proceedings for confirmation of the adoption. The Waco Court has held on prior appeal that art. 46a, subd. 6, shoud be strictly construed when a child is sought to be thus adopted by others without consent of its mother; that Appellate Court also holding, at least inferentially, that the cited exception had no particular application to the facts and circumstances of this case. We must accordingly sustain the action of Judge Thornton in setting aside the Willson judgment of adoption.

▪ The further points advanced by appellants may be disposed of briefly: (1) The divorced father, Lucius Brewer, was not a necessary party to the instant suit. In the first place he had given written consent to the proposed adoption of his son by the Willsons; and secondly, the award of custody of the child to Mrs. Willson in the divorce action did not terminate the parental rights of a divorced mother with respect to her child, which she could assert independently in a suit for custody, as was done in the present suit; (2) testimony on the issue (change of conditions) abundantly supports the trial court's finding "that conditions have changed since said child was awarded to Bertha Willson and the best interest of said child demands that he be restored to his mother, Nora Ellen Jones." In this connection we quote from the tes-

timony of Mrs. Willson, elicited on cross-examination at the trial:

"Q. Let me ask you this question: If you didn't understand at the time (divorce hearing), if you didn't understand at the time that you were taking the child only temporarily? A. Yes.

"Q. And that if conditions improved regarding the child's mother, you understood that she would have a right to come in and ask the court to give her the child back again; you understood that, didn't you? * * *

"Q. I am asking you what you understood? A. Yes, I did."

All points of appeal, upon thorough consideration are overruled and judgment of the trial court affirmed.