435

**Malvern Elzie HOLLOWAY et ux., Appellants,**

**v.**

**Julian CURRIE, Appellee.**

**No. 4326.**

Court of Civil Appeals of Texas.

Waco.

March 11, 1965.

Rehearing Denied April 1, 1965.

Wilson McPhail, Beck Smith, Houston, for appellants.

Ragan & Weaver, C. Dudley Dearman, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment denying an adoption. Appellants, Malvern E. Holloway and wife filed petition to adopt Doris and Darlene Currie, minor daughters of appellee Julian Currie, alleging that Currie had abandoned and deserted the children sought to be adopted, for more than 2 years, and that Currie had not contributed substantially to the support of the children for such 2 year period, commensurate with his ability. Appellee did not give his consent to the adoption, and appellants sought the consent of the Judge of the Juvenile Court, as required by Sec. 6, Article 46a, Vernon's Ann.Tex.Civ.St. Appellee intervened and contested the application. The Judge of the Juvenile Court found that appellee had abandoned the children for 2 years and had not contributed substantially to their support for 2 years. The Juvenile Judge granted a new trial on the foregoing, and after full hearing, entered an order that appellee had not abandoned or failed to support the children, and denied his consent to the adoption. Thereafter, in a hearing had on the adoption, the Judge of the Court of Domestic Relations denied the adoption.

Appellants appeal, contending among other things, that the Court of Domestic Relations erred in not granting a full hearing on appellants' petition to adopt the minor children, where the existence of the requisite facts for the Juvenile Judge's refusal to grant his consent would be an issue at the trial of the adoption proceedings.

Article 46a, Sec. 6, V.A.T.S. provides that no adoption shall be permitted except with the consent of the living parent or parents of the child, or with the consent of the Judge of the Juvenile Court if the parents have voluntarily abandoned the child for 2 years or more, or if the parents have failed for 2 years or more to contribute substantially to the support of the child commensurate with their financial ability.

In the case before us the parents of the children sought to be adopted by appellants did not give their consent, and the Judge of the Juvenile Court did not give his consent. The action of the Court of Domestic Relations in denying the adoption was correct.

Moreover, appellant brings forward no Statement of Facts of the hearing on the adoption by the Court of Domestic Relations, and in the absence of such, it must be presumed the action of such court was correct.

All of appellants' points and contentions are overruled.

Affirmed.