**LUTHERAN SOCIAL SERVICE, INC.,**
et al., Appellants,

v.

**Dr. Edward T. FARRIS et ux., Appellees.**

No. 11856.

Court of Civil Appeals of Texas,
Austin.

June 21, 1972.

Rehearing Denied Aug. 2, 1972.

**694**

Coffee, Ritter & Goldston, Donald N. Goldston, Austin, for appellants.

Byrd, Davis, Eisenberg & Clark, Tom H. Davis, Terry L. Weldon, Austin, for appellees.

ṢHANNON, Justice.

The issue is whether Tex.Rev.Civ. Stat.Ann. article 46a requires, as a prerequisite to adoption, that agency consent be obtained. We so hold.

The appellees, Dr. Edward T. Farris and his wife, Helen Williams Farris, filed a petition for the adoption of Jane Doe, a minor girl, in the district court of Travis County. In that petition, appellant, Lutheran Social Service, Inc., was named defendant. It was alleged that the minor child was born out of wedlock in Austin on February 4, 1970, and that two days later her natural mother executed a consent form in which she released the child to Lutheran Social Service, Inc., for purposes of adoption.

After the child was relinquished by her mother to Lutheran Social Service, Inc., she was placed for adoption in the home of a husband and wife living in Harris County. Appellees do not allege that the consent given by the natural mother to Lutheran Social Service, Inc., is invalid for any reason.

It was further alleged that in April of 1970, the natural mother along with her parents and a sister were killed in a plane crash in Austin. The child's grandparents left a considerable estate, and appellee, Dr. Farris, the great-uncle of the child, was the executor named in his brother's will.

On June 20, 1970, the district judge signed an order directing that Lutheran Social Service, Inc., and those persons having custody or control over the child be cited to appear on a certain date, and to show cause why they should not be enjoined from adopting or causing the child to be adopted until further hearing and order of the court. That order also directed Lutheran Social Service, Inc., to deliver citation to the couple with whom the child had been placed for adoption. Upon the refusal of the district judge to dissolve the order mentioned above, Lutheran Social Service, Inc., filed an original proceeding in mandamus in the Supreme Court praying in effect that the order of the district judge be dissolved. A divided court held that the district judge had the power to order Lutheran Social Service, Inc., to deliver the citation to the Harris County couple under Tex.R.Civ.P. 106. Lutheran Social Service, Inc. v. Meyers, 460 S.W.2d 887 (Tex. 1970).

Following the opinion of the Supreme Court, the Harris County couple filed a plea of privilege to be sued in Harris County, the county of their residence, and an answer containing certain special exceptions.

After hearing and on March 12, 1971, the district court overruled the plea of privilege, the special exceptions, and enjoined Lutheran Social Service, Inc., and the Harris County couple from proceeding with the adoption of the child until further order of the court.

The issue in the case is raised by appellants' special exceptions to appellees' petition. The special exceptions are couched

in terms of appellees' "standing" to bring the suit and the court's "jurisdiction" to entertain the suit. While some of the cases and articles [1] do speak in terms of "standing" and "jurisdiction" we view the special exceptions as raising the question of whether appellees' petition states a cause of action.

An examination of appellees' petition shows that it does not allege that appellees have obtained consent of the adoption agency for the adoption of the child. If article 46a requires agency consent, then the special exceptions should have been sustained.

■ While article 46a is silent as to whether the adoption agency's consent to adoption is required in substitution for parental consent, the effect of the statute " . . . obviously is that after the parental consent for placement is given the child-placing agency stands in loco parentis to the child and is clothed with the authority to give or withhold the consent necessary to the entry of a judgment for adoption." Catholic Charities of Diocese of Galveston v. Harper, 161 Tex. 21, 337 S.W.2d 111 (1960), see 4 Baylor L.Rev. 117, 119 (1951), 23 Baylor L.Rev. 454 (1971), 49 T.L.R. 1128 (1971), but see the majority opinion in Lutheran Social Service, Inc. v. Meyers, 460 S.W.2d 887, 890 (Tex.1970).

■ The preservation of the integrity of the agency adoption process should be paramount in the construction of article 46a. Apropos that subject the Supreme Court has expressed concern for the protection of the agency adoption process in other cases. See Catholic Charities of Diocese of Galveston v. Harper, *supra,* Home of Holy Infancy v. Kaska, 397 S.W.2d 208 (Tex. 1965), see also, 49 T.L.R. 1128 (1971).

■ Appellees' position is that the courts are free to depart from the statutory scheme when prompted to do so by unusual circumstances, as in this case, and when convinced that to do so would serve the best interests of the child. We cannot agree. Adoption was unknown at common law and exists solely by reason of statute. Eckford v. Knox, 67 Tex. 200, 2 S.W. 372 (1886); Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559 (Tex.1955), 49 T.L.R. 1128 (1971), 15 Sw.L.J. 445 (1961), 5 S.Tex.L.J. 378 (1960). Since this is so, adoption proceedings do not depend upon equitable principles, and courts must be governed by the statute which is the sole authority for adoption.

As appellees' petition does not show that appellees had obtained the agency consent required by article 46a, the petition does not state a cause of action for adoption.

In view of our disposition of the case with respect to the special exceptions, it is unnecessary to consider appellants' complaints concerning the disposition of the plea of privilege.

We reverse the judgment and remand the cause with instructions that appellants' special exceptions be sustained and that leave be granted to amend.[2]

Reversed and remanded.

PHILLIPS, Chief Justice (dissenting).

I respectfully dissent from the manner in which the Court disposes of this case. I concur with the holding of the Court that under Article 46a the child-placing agency stands in loco parentis to the child and is clothed with the authority to give or withhold the consent necessary to the entry of a judgment for adoption. This consent was not obtained by Appellees. It is apparently the law that parental consent in similar cases is jurisdictional. Burran v. Fuller,

---

1. See 23 Baylor L.Rev. 454 (1971) and Justice McGee's dissenting opinion in Lutheran Social Service, Inc., et al. v. Meyers, 460 S.W.2d 887 (1970).

2. It would seem that appellees will be unable to amend and plead a cause of action since the consent of the agency has not, and probably will not, be given appellees for the adoption of the child.

248 S.W.2d 1015 (Tex.Civ.App.1952, reversed on other grounds) 151 Tex. 335, 250 S.W.2d 587 (1952); Woodall v. Schmudlach, 299 S.W.2d 780 (Tex.Civ.App.1957, no writ); Pearce v. Harris, 134 S.W.2d 859 (Tex.Civ.App.1939, no writ); Platt v. Moore, 183 S.W.2d 682 (Tex.Civ.App.1944, writ ref'd w. o. m.).

Consequently, under the holding of Catholic Charities of Diocese of Galveston v. Harper, 161 Tex. 21, 337 S.W.2d 111 (1960) it would be but a logical step to hold that consent of the child-placing agency is jurisdictional.

If the lack of consent of the adoption agency raises a jurisdictional problem there can be no legal basis, under the facts of this case to construe the adoption act to allow strangers (here the Appellees), after the death of the natural mother who has given her consent to the child-placing agency, to accomplish that which the Courts of this State would not permit the natural mother to do while living. The natural father would have no standing to seek adoption of a child born out of wedlock unless the child was legitimatized by a marriage of its parents according to Home of the Holy Infancy v. Kaska, 397 S.W.2d 208 (Tex.1965). Where a father would not be allowed to intervene in an adoption proceeding, certainly strangers to the cause of action should not be placed in a better position than the natural father or even the natural mother if she were yet alive. Consequently, in my opinion, the Appellants' point that Appellees have no standing before the Court is valid. Holloway v. Currie, 388 S.W.2d 435 (Tex.Civ.App.1965, no writ); 44 Tex.Jur.2d, Sec. 7, page 145.

Inasmuch as the trial court should have dismissed the case, I would hold that the case should be dismissed. Tex.R.Civ.P. 434.

■ In the prior opinion of the majority of the court, no disposition was made of appellants' point complaining of error by the court in overruling the plea of privilege of the adoptive parents.

Upon consideration of that point we are of the opinion that the court properly overruled appellants' plea of privilege. Tex. Rev.Civ.Stat.Ann. Art. 46a, Section 1, specifies venue for adoption cases. See also Tex.Rev.Civ.Stat.Ann. Art. 1995, Section 30, In Re Alls' Adoption, 278 S.W.2d 524 (Tex.Civ.App.1955, no writ). Art. 46a, Section 1, provides, in part, that "if such child were placed for adoption by a child-placing institution", suit for adoption may be filed in the county of the residence of the petitioner, or in the county of the residence of the child, or in the county where the child-placing institution is situated.

The child-placing institution, Lutheran Social Service, Inc., is located in Travis County. Travis County is also the county of the residence of the child, since Lutheran Social Service, Inc. still retains custody of the child. See Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551 (1946).

The motion for rehearing is overruled.

Motion overruled.