Annie Byrd GOETZ, Appellant,

v.

LUTHERAN SOCIAL SERVICE OF TEXAS, INC., Appellee.

No. 12903.

Court of Civil Appeals of Texas, Austin.

March 21, 1979.

Michael J. Schless, Friday & Kazen, P. C., Austin, for appellant.

Michael L. Brandes, Brandes, Rubinett & Kiester, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a summary judgment entered by the district court of Travis County in an adoption case. Appellant is Annie Byrd Goetz and appellee is Lutheran Social Service of Texas, Inc.

In December, 1977, by judgment of the district court of Travis County, the parent-child relationships between Mary Frances Smith and John Michael Smith and their children, May Judith Smith, age four, and Tobias Brandon Smith, age three, were terminated. That judgment also terminated the parent-child relationship, if any, between Marc Ivan Laye and the children. Appellee was appointed managing conservator of the children with the power to consent to the adoption of the children.

In February, 1978, appellant filed a petition for adoption of the children in the same court and under the same cause number as the suit for termination. In its answer to the petition for adoption, appellee expressly denied consent for the adoption of the children. Thereafter, appellee filed a motion for summary judgment predicated upon its refusal to consent to the adoption. The order granting motion for summary judgment shows that appellant requested the court to waive the requirement of consent upon the basis that appellee withheld consent without good cause.

The district court in the summary judgment order recognized that ". . . issues of fact exist concerning the question of whether [appellee] refuses consent without good cause." The district court concluded, however, ". . . as a matter of law pursuant to *Lutheran Social Services [sic], Inc. v. Farris,* 483 S.W.2d 693 (Civ.App.—Austin, 1972, writ ref'd n. r. e.), that regardless of whether fact issues exist concerning [appellee's] refusal of consent, [appellant] is not entitled to maintain her suit for adoption in the face of [appellee's] refusal of consent."

Appellant's second point of error is that "[t]he trial court erred in granting Appellee's Motion for Summary Judgment by ruling that Appellant could not maintain her suit for adoption in the face of Appellee's refusal to consent as managing conservator."

Texas Family Code Ann. § 16.05 (1975) governs the disposition of this appeal. Section 16.05 provides in part as follows:

"(a) If a managing conservator has been appointed, his consent to the adoption must be given in writing and filed in the record unless he is a petitioner, in which case his consent need not be given.

.   .   .   .   .

"(d) The court may waive the requirement of consent to the adoption by the managing conservator if it finds that the consent is being refused, or has been revoked, without good cause."

Prior to the 1974 enactment of Title Two of the Texas Family Code, the matter of consent in adoption cases was governed by Tex.Rev.Civ.Stat.Ann. art. 46a. This Court in *Lutheran Social Service, Inc. v. Farris, supra,* construed art. 46a to require agency consent for adoption.

In *Farris* this Court wrote:

"[2] While article 46a is silent as to whether the adoption agency's consent to adoption is required in substitution for parental consent, the effect of the statute '. . . obviously is that after the parental consent for placement is given the child-placing agency stands in loco parentis to the child and is clothed with the authority to give or withhold the consent necessary to the entry of a judgment for adoption.' *Catholic Charities of Diocese of Galveston v. Harper,* 161 Tex. 21, 337 S.W.2d 111 (1960), see 4 Baylor L.Rev. 117, 119 (1951), 23 Baylor L.Rev. 454 (1971), 49 T.L.R. 1128 (1971), but see the majority opinion in *Lutheran Social Service, Inc. v. Meyers,* 460 S.W.2d 887, 890 (Tex.1970).

"[3] The preservation of the integrity of the agency adoption process should be paramount in the construction of article 46a. Apropos that subject the Supreme Court has expressed concern for the protection of the agency adoption process in other cases. See *Catholic Charities of Diocese of Galveston v. Harper, supra, Home of Holy Infancy v. Kaska,* 397 S.W.2d 208 (Tex.1965), see also, 49 T.L.R. 1128 (1971).

"[4] Appellees' position is that the courts are free to depart from the statutory scheme when prompted to do so by unusual circumstances, as in this case, and when convinced that to do so would serve the best interests of the child. We cannot agree. Adoption was unknown at common law and exists solely by reason of statute. *Eckford v. Knox,* 67 Tex. 200, 2 S.W. 372 (1886); *Grant v. Marshall,* 154 Tex. 531, 280 S.W.2d 559 (Tex.1955), 49 T.L.R. 1128 (1971), 15 Sw.L.J. 445 (1961), 5 S.Tex.L.J. 378 (1960). Since this is so, adoption proceedings do not depend upon equitable principles, and *courts must be governed by the statute which is the sole authority for adoption.*" (Emphasis added)

Subsequent to *Farris* the legislature enacted § 16.05 which changed the statutory scheme for adoptions. Section 16.05(a) requires the managing conservator's consent to adoption be given in writing and filed of record. Nevertheless, § 16.05(d) provides that if the court finds that consent was refused, or was revoked, without good cause, the court may waive the requirement of consent by the managing conservator to the adoption.

■ Section 16.05(d), unlike art. 46a construed in *Farris,* provides the petitioner in an adoption suit an opportunity to seek judicial determination whether the managing conservator's consent is being withheld or revoked without good cause. The second point of error is sustained.

■ In point of error one appellant attempts to attack the December, 1977, judgment ordering termination of the parent-child relationship between the children and Mary Frances Smith, John Michael Smith, and Marc Ivan Laye. By her point appellant, the children's maternal great-aunt, claims that the district court erred in not granting a new trial in that appellant was a person who should have been served in the termination suit pursuant to Tex.Family Code Ann. § 11.09 (Supp.1978). This Court has no jurisdiction to consider the point of error because the judgment of termination was final long before the transcript was filed in this Court.

Appellant's amended motion for new trial in the termination action was overruled by the court on February 9, 1978. Appellant timely filed her appeal bond on February 23, 1978. The transcript was due to be filed in this Court on April 10, 1978. Appellant filed no transcript by that date. A transcript of the summary judgment proceedings was tendered for filing with the Clerk of this Court on July 12, 1978. That transcript also contained the termination suit proceedings. The judgment in the termination suit, however, was final some months before July 12, 1978.

The order granting summary judgment is reversed and the cause is remanded to the district court.

Reversed and Remanded.